STATE, ROBERT T. COLLINGE, Complainant, *vs.* ROSANNA CREPEAU.

DECEMBER 29, 1908.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)   *Ordinances.   Building Regulations.   Ultra Vires.*

An ordinance of a town, prohibiting any work or labor in or about the construction of any building without a permit, under a penalty, is *ultra vires*

and void, since the provisions of Gen. Laws cap. 40, § 21, authorizing towns to enact ordinances "for the well-ordering, managing, and directing of the prudential affairs and police," does not confer authority to enact building regulations; and further, because of the practically unlimited power assumed by the town council.

CRIMINAL COMPLAINT. Heard on certification from District Court, upon motion in arrest of judgment after being adjudged guilty.

BLODGETT, J. The complaint in this case charges a violation of a certain ordinance of the town of Lincoln, in these words and figures, viz.: that the respondent "did then and there on the tenth day of May, 1907, permit and suffer to be done on her land, within said town, work and labor in or about the construction of a building without a permit, against an ordinance of Lincoln, aforesaid, being section 3 of Chapter 8, of said ordinances, and against the Statutes and the peace and dignity of the State;" and after being adjudged guilty, the respondent has moved in arrest of judgment on the ground that the town is without legislative authority to enact the ordinance in question, without otherwise questioning the sufficiency of the charge, and the case has been certified here under the provisions of section 478, C. P. A.

The ordinance is as follows: "SEC. 3. Every person, firm or corporation that shall do or cause to be done, and every owner of land, who shall permit or suffer to be done on said land, within this town, any work or labor of any kind whatsoever in or about the construction or reconstruction of any building without a permit, shall be fined not less than two nor more than twenty dollars or be imprisoned not exceeding ten days for each offense; and every day's violation of any of the provisions of this chapter after the service of the warrant issued on the first complaint thereof shall be deemed a separate offense and shall subject the offender to the penalties hereinbefore enumerated."

It is conceded that the town of Lincoln has no special statutory authority to enact building regulations, and that the validity of the ordinance must depend upon the concluding

paragraph of section 21 of. Chapter 40, General Laws, which is as follows: "and, generally, all other ordinances, regulations and by-laws for the well-ordering, managing and directing of the prudential affairs and police of their respective towns not repugnant to the constitution and laws of this state, or of the United States."

(1)     There are two objections to this ordinance, either of which is fatal to its validity.   The first is an entire lack of legislative authority to enact ` building regulations, inasmuch as the statute above cited clearly does not confer such authority; and the second is the practically unlimited power assumed by the town council in this ordinance, such as was thus characterized in *State* v. *Tenant*, 110 N. C. 609, p. 612:   "It is equally clear, that if an ordinance is passed by a municipal corporation, which, upon its face, restricts the right of dominion which the individual might otherwise exercise without question, not according to any general or uniform rule, but so as to make the absolute enjoyment of his own depend upon the arbitrary will of the` governing authorities of the town or city, it is unconstitutional and void, because it fails to furnish a uniform rule of action and leaves the right of property subject to the despotic will of aldermen who may exercise it so as to give exclusive profits or privileges to particular persons."

In like manner, in *Bostock* v. *Sams*, 95 Md. 400, 413, the court says:  "Notwithstanding the delicate power conferred by the proviso in question—a power to control the citizen in the exercise of important and valuable rights of property—the power is conferred in the most vague and general terms and an unlimited and unregulated discretion is given to an agency of the city government thereunder.   No standard is set up according to which this judgment is to be exercised; nor means provided by which it is to be instructed or controlled and the· citizen is left helpless to question its exercise in any particular case."   And in this case the court held that a statutory provision that the city of Baltimore might enact "such ordinances as it may deem expedient in maintaining the peace, good government, health and welfare of the city of Baltimore" was insufficient to authorize ·the building regulations then before

the court. See also city of *Newton* v. *Belger,* 143 Mass. 598.

The. decision of the court, therefore, is that the ordinance in question is *ultra vires* and void, and that the motion in arrest of judgment should be granted; and the papers in the case will be sent back to the District Court of the Eleventh Judicial District, with this decision certified thereon.

*Charles R. Easton,* for complainant.

*Edward W. Blodgett,* for defendant.