ROBERT B. NIXON *vs.* WILLIAM H. MALLOY *et al.*

SAME *vs.* ALBERT F. BENOIT.

JUNE 29, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This petition in equity in the nature of *quo warranto* is brought under authority of Chapter 379, G. L. 1923, to determine the title to the office of clerk of the board of canvassers and registration of the city of Central Falls.

Petitioner and respondent Benoit each claim to be entitled to said office.

The petitioner also filed a petition for a writ of *certiorari* directed to the city council and certain other officers of said city. This petition seeks to quash an amendment to the ordinance of said city providing for the biennial designation of a clerk of said board and the vote of the city council electing respondent Benoit clerk of said board for two years.

The question raised by the contentions of the parties is in regard to the power and authority of the city council to designate a clerk of the board for a term less than six years.

The statute requiring the election of said board is Chapter 1422, P. L. 1916 as amended by Chapter 1962, P. L. 1920. Section 1 of said chapter 1422 provided that the city council should forthwith elect a board of canvassers and registration for said city consisting of three members, one of whom should be designated at the time of his election as clerk of said board. The act stated that the member designated as clerk should hold office until the first Monday in March, A. D., 1922. Biennially thereafter, in the month of February, one member of said board was to be elected for the term of six years, to hold office from the first Monday in March following such election and until his successor was chosen and qualified to succeed the member of said board whose term would next expire. The act also provided, that one member of said board, other than the clerk thereof, should be elected by the board as presiding officer.

Said chapter 1422 required said board to have charge of the registration of all persons entitled by law to vote upon being registered and conferred upon the board all of the duties previously imposed upon the city clerk and board of aldermen relative to registration and elective meetings, counting the ballots and making returns thereof, and prescribed other powers and duties. Additional powers and duties of the board are set forth in Chapter 7, G. L. 1923. Section 3 of said chapter 7 directs that in Central Falls the

clerk of said board shall be "designated at the time of his election."

Boards of canvassers and registration are state officers and are not municipal officers. So held by this court in the case of *Gainer* v. *Dunn*, 29 R. I. 232. The court said, when considering the powers of the board of canvassers and registration of the city of Providence: "While its members are elected in joint committee of the two branches of the city council, the board is in no sense a department of the municipal government. Its tenure of office, powers, duties and liabilities and all its functions are created, imposed and defined by the constitution and laws of the United States and constitution and laws of this State, and no municipal ordinance can enlarge or diminish them, inasmuch as the exercise of the elective franchise is not a subject of municipal control or regulation. While their jurisdiction and their duties are territorially limited to the city of Providence, their duties are of general concern; and thus they constitute a board of State officers exercising a state function rather than a board of municipal officers exercising a municipal function."

The statute provided that the first clerk of the board should hold office until March, 1922—six years. The city council passed an ordinance fixing the time for the election of the members of said board and provided that: "the member elected every sixth year from 1916 to be designated as clerk."

April 6, 1916, the city council elected Joseph M. Bates a member of said board and designated him as clerk for the six years ending March, 1922. At the same meeting, John T. Wade was elected a member of said board for the term ending March, 1920. Mr. Bates died within a year after his election as a member of said board and a meeting of the city council was held February 5, 1917, to fill the vacancy existing in the office of clerk of said board, and also to fill the vacancy in said board caused by the resignation of Mr. Wade. The apparent reason for Mr. Wade's resignation

was that he desired to be elected clerk of said board. Mr. Wade was elected a member of said board for the unexpired term of Mr. Bates (ending March, 1922) and Mr. Carpenter was elected for the unexpired term of Mr. Wade. Upon this election Mr. Wade entered upon the performance of the duties of clerk of said board until 1922 when he was again elected a member of said board for six years and continued to act as clerk until 1927 when he resigned. May 2, 1927, the city council elected the petitioner, Mr. Nixon, to fill the vacancy caused by the resignation of Mr. Wade for the term ending March, 1928. Mr. Nixon acted as clerk of the board until March, 1928, when he was elected for the term of six years ending March, 1934. Mr. Nixon continued to perform the duties as clerk until ousted by respondent Benoit a short time before this petition was filed.

Respondent Benoit claims to be entitled to the office of clerk of said board by reason of the following facts: At a meeting of the city council held February 29, 1932, it was voted to amend the ordinance, by providing that biennially, at the time of the election of a member of said board, the city council should designate one of the members of said board as clerk thereof. On the same evening respondent Benoit was elected a member of said board for a period of six years beginning the first Monday in March, 1932. It was then voted that he be elected clerk of said board for a period of two years beginning the first Monday in March, 1932.

The members of said board are State officers and their tenure of office is fixed by statute. It was the intent of the legislature that the member of the board elected in 1916, for six years and every sixth year thereafter, should be the clerk of the board. This construction of the statute is in accord with the ordinance and the practice of the city council until 1932. The statute confers no authority upon the city council to shorten the term of the clerk of the board or to provide for his biennial designation or election. It is settled that a city cannot pass an ordinance inconsistent with a

434

statute. *Baxter, Petitioner,* 12 R. I. 13; *State* v. *Thurston,* 28 R. I. 265.

For these reasons we are of the opinion that so much of the ordinance passed by the city council February 29, 1932, as provides for the biennial designation of one of the members of said board as the clerk thereof and the vote of said city council that respondent Benoit be elected clerk of said board and the declaration of the result of said vote are inconsistent with said chapter 1422 and are quashed.

We are also of the opinion that the election of the petitioner February 6, 1928, as a member of said board for the term of six years ensuing the first Monday in March, 1928, entitled him to the office of clerk of said board during said term.

July 5, 1932, the parties may present for entry in Equity No. 1088 a decree in accord with this opinion.

*Lawrence F. Nolan,* for petitioner.

*J. Harold McGrath,* for respondents.