ROBERT F. WOOD *vs.* HARRY E. PECKHAM *et al.*

JULY 20, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

480

BAKER, J. This petition for a writ of certiorari was brought against the members of the town council and the town clerk of the town of Middletown in this state seeking to have this court examine and quash a decision made by such council in respect to a certain application filed with it by the petitioner. The writ was issued and in response

thereto the pertinent records of the council have been duly certified to this court.

It appears from the petition and the records that Robert F. Wood, hereinafter referred to as the petitioner, is the owner of a tract of land in said town comprising about 116 acres; that on January 24, 1952 an ordinance was passed in Middletown entitled "An Ordinance Regulating The Use And Operation Of Automobile Trailers And Tourist Camps In The Town Of Middletown"; that on July 22, 1952 petitioner filed a second application under such ordinance, an earlier one having been denied, that he be permitted to maintain and operate a trailer camp, so called, in the town; and that such second application was also denied by the town council after a hearing thereon August 4, 1952.

The town ordinance in question contains fourteen sections. In addition to certain definitions, it provides for the necessity of obtaining a permit from the town council to keep or maintain any camp ground or place of accommodation, the procedure to be followed in applying for such a permit and the giving of public notice of a hearing in respect thereto, and the amount of license fees to be charged an applicant under certain conditions. It also contains provisions dealing with cleanliness, sanitary matters, the right of inspection, the keeping by the applicant of a registration book, and penalties for the violation of the ordinance.

Section 7 thereof reads as follows: "No application to construct, maintain and operate a camp ground shall be approved, unless in the opinion of the Town Council, the proposed location be a suitable and proper place for the keeping and maintenance of such a camp ground, and unless the camp and camp ground shall be equipped to provide running water with the usual mains and laterals incident to such service, with suitable equipment and methods for the disposal of sewage, garbage and refuse, and for the proper drainage of the camp ground area, and unless the general sanitary arrangements are suitable and proper."

The petitioner argues that the above ordinance is void because the town of Middletown did not have the power to enact it and that in particular the latter portion of section 7 is inoperative, since it dealt with a subject already covered by a state statute of general application, namely, general laws 1938, chapter 266, as amended by public laws 1950, chap. 2543. That chapter provides in part that no person shall maintain within this state any camp, bathing resort or amusement park until such person shall have obtained a license therefor from the Rhode Island department of health. The record shows that the petitioner had obtained such a license. In the act the term "camp" is held to mean among other things any tract of land offered to the use of the public upon payment of a fee for the establishment of living quarters such as tents or trailers. It also provides that before any license is issued the director of the department shall cause the camp to be inspected to determine whether it complies with the provisions of said chapter and such regulations as the director may deem necessary regarding sanitation and aquatic safety. Regulations of the department are specific and detailed in respect to matters of drinking water, sewage, refuse disposal units, and sanitation in general.

It is declared to be a fundamental principle that municipal ordinances are inferior in status and subordinate to the laws of the state. 37 Am. Jur., Municipal Corporations, §165, p. 787. It is also recognized in this jurisdiction that an ordinance inconsistent with a state law of general character and state-wide application is invalid. *Nixon* v. *Malloy,* 52 R. I. 430. An examination of the statute, chapter 2543, *supra,* and the ordinance which was enacted subsequent to the passage of that statute in our opinion shows, in so far as matters of sanitation are concerned, substantially the same general treatment, requirements and coverage. We do not have before us therefore an instance where the ordinance in respect to sanitation is of a broader scope and contains matters not covered by the provisions of the statute.

In fact the latter, if anything, seems to be the more detailed and comprehensive of the two enactments.

It has been held that, where a state legislature has made provision for the regulation of conduct in a given situation and has provided punishment for the failure to comply therewith, it has shown its intention that the subject matter is fully covered by the statute and that a municipality under its general powers cannot regulate the same conduct or make the same act an offense also against a municipal ordinance. 37 Am. Jur., Municipal Corporations, §166, pp. 791, 794. It is necessary therefore to ascertain the legislative intent in order to determine whether in any particular instance, where a question is raised in circumstances such as appear here, the state control is to be exclusive or whether the control is to be exercised concurrently by the state and by the municipality.

Assuming, in the absence of such specific statutory enactment, that a town council acting as a board of health could properly make rules and regulations in respect to controlling sanitary and health problems under G. L. 1938, chap. 333, §13, we are, however, of the opinion that in so far as such matters are specifically provided for in chapter 2543, the legislature intended that those subjects should be governed exclusively by that statute to the extent set out therein, and that the same precise matters should not be regulated by a municipality unless it was given an express grant of power, which is not the case here. In our judgment the chapter is clearly a measure having state-wide application and passed in the exercise of the police power primarily for the welfare of the general public and in the interest of preventing the existence in any trailer camp of unsanitary and unhealthful conditions which might affect the state as a whole. Consequently we determine that the portion of the ordinance passed by the town of Middletown January 24, 1952 dealing with matters of sanitation in trailer camps in that town is invalid and of no effect because it invades a field which the state has intentionally and specifically cov-

ered and pre-empted by the passage of the statute above referred to.

That conclusion, however, would not dispose of the whole of section 7 of the ordinance because it is clear that such section deals with distinct subjects. The latter portion as to water, sewage, and control of sanitary conditions is covered by our above decision and is inoperative. The validity of the first portion of said section relating to the suitability of the location selected for a camp ground remains for consideration.

The petitioner argues that the ordinance is void because it is not authorized by the provisions of G. L. 1938, chap. 333, §22. Under that section town and city councils are authorized to make ordinances covering specifically certain police matters and regulations, and generally other ordinances of a like nature. In *State* v. *Crepeau*, 29 R. I. 340, cited by petitioner, it was held that such section did not confer authority on a town to enact building regulations. That decision seems controlling here in so far as §22 is concerned. If the general clause at the end of that section was not broad enough to permit the enactment of a building ordinance it is difficult to see how it can be construed to cover an ordinance which attempts to leave to the town council the determination of the question whether a proposed location for a trailer camp was suitable and proper. In our opinion petitioner's contention on this point is sound.

We have also examined G. L. 1938, chap. 333, §4, in order to ascertain whether it confers on the town council the necessary authority to pass the ordinance under consideration. That section reads as follows: "The town council of each town shall have full power to manage the affairs and interests of such town, and to determine all such matters and things as shall by law come within their jurisdiction." Upon consideration we are of the opinion that it does not give such authority. The section undoubtedly grants to the town council power to manage the affairs of the town and to determine all matters which shall by law come within

their jurisdiction. Generally speaking, the cases cited under that section deal with the management and disposition of the business of a town such as may arise in the conduct of its affairs. Nothing in the section even by implication relates to a grant of power to enact ordinances.

No other enabling statute has been called to our attention, either general in nature or specifically applying to the town of Middletown, which authorizes the town to attempt to regulate the location and maintenance of trailer camps under an ordinance such as the one now under consideration. Also no reference has been made to the existence of any building or zoning ordinance applicable in the circumstances.

Finally the petitioner with justification points out that the instant ordinance is without any proper standards and hence unenforceable. Apparently each application for a permit could be granted or denied at the uncontrolled discretion of the council then sitting. The ordinance provides no standard to be applied to the terms "suitable and proper" as used in section 7 thereof. Furthermore the record before us shows no reason for the denial of petitioner's application for a permit. Even if the ordinance was valid such reason should appear in order to properly complete the record. However, since we have determined that the latter part of section 7 of such ordinance is inoperative because of the general act passed by the legislature dealing with matters of sanitation, and since in our opinion the remainder of the ordinance is void and invalid because it was enacted by the town without proper enabling authorization, we deem it unnecessary in the circumstances to discuss petitioner's further argument with respect to the effect of §33 of chap. 333 upon the ordinance.

The petition is granted, the record of the decision denying petitioner's application for a permit to operate a trailer camp is quashed, and the papers certified are sent back to the town council of Middletown.

*Joseph J. Nicholson,* for petitioner.

*Burdick, Corcoran & Peckham, Patrick O'N. Hayes,* for respondents.