WILLIAM E. POWERS, *Attorney General, ex rel.* LIONEL E. PELOQUIN *vs.* PHYLLIS PARENTEAU.

DECEMBER 11, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J.  This is a petition in equity in the nature of quo warranto under general laws 1938, chapter 585.  It

was brought by the state through the attorney general at the relation of Lionel E. Peloquin to determine whether the relator or the respondent is entitled to the office of member of the board of canvassers and registration of the city of Woonsocket. The facts are not in dispute.

On May 19, 1954 the city council elected the relator as a member of the board for the term ending April 30, 1957 and until his successor shall have been appointed and qualified. At the city inauguration meeting on April 30, 1957 the mayor nominated and the city council approved the respondent to succeed the relator. She qualified and is occupying the office of member of the board. Prior to that meeting the chairman of the Republican city committee and the chairman of the Democratic city committee each submitted to the mayor a list of five names. The respondent, who is admittedly a Democrat and known to be such by the mayor and the Republican city chairman, was on the Republican list but not on the Democratic list. At that time one of the two members whose terms had not expired was a Republican and the other was a Democrat.

Public laws 1956, chapter 3754, section 1, reads as follows:

> "The legislative body of each city and town shall elect a bipartisan canvassing authority of three qualified electors of said city or town, not more than two of whom shall belong to the same political party. The mayor or the president of the town council shall nominate the members of said canvassing authority from lists submitted by the respective chairmen of the city or town political committee, which list shall contain the names of five times the number of persons to be appointed. If the legislative body shall refuse to approve the nomination of any person to said canvassing authority, the mayor or said president shall submit to the legislative body another person named on one of said lists, and so on until a person shall be appointed; *provided, however,* if the chairman of the city or town committee of a political party entitled to an appoint-

ment shall fail or refuse to submit a list as aforesaid, the mayor or said president shall nominate any person known by him to be a member of the political party entitled to said appointment."

The relator contends that when the mayor decides to nominate a Republican he must select one from the Republican list and likewise when he decides to nominate a Democrat he must select one from the Democratic list. Therefore he claims that only Republicans can be placed on the Republican list and only Democrats can be placed on the Democratic list. The respondent, however, contends that such is not the case so long as the board is kept bipartisan. She points out that granting she is a Democrat there is still one Democrat and one Republican on the board. She takes the position that when the next vacancy occurs a Republican must be appointed and that if the Republican city chairman places a Democrat on his list that person cannot be appointed to fill the vacancy.

We are not in complete agreement with either contention. It was doubtless the expectation of the general assembly that party chairmen would place on their lists only members of their respective parties as far as such membership could be determined by them, there being no statutory registration of party membership in this state. In the absence of such statutory registration we are of the opinion that the purpose of the statute was to vest in the party chairmen the *final* authority, as far as membership on boards of canvassers is concerned, to determine the party affiliation of the persons whose names were placed by them on their lists.

For years the canvassing was done by the city and town councils and oftentimes there was no minority representation. Then came several acts creating bipartisan boards of canvassers and registration, but in those cases there were no provisions for nominations by the party organizations and it was sometimes felt, generally by the minority party,

that the least aggressive member of its party was put upon the board to represent it. Finally came the statute hereinbefore quoted and we are of the opinion that it was passed to meet the above objection by vesting absolutely and incontrovertibly in the party chairmen the determination of the party affiliation of the persons whose names they placed on their lists.

The respondent's name was on the Republican list and the mayor had a right to appoint anyone on that list as a Republican even if in fact he knew such person was not a Republican. It was not for him to decide the party affiliation of the persons on the list. To do so in this instance would have been to interfere in party decisions as to whether any person named on the Republican chairman's list was or was not a Republican. In selecting his nominee from either list he is precluded from passing on the party qualification of any person on such list and he is bound to treat all the persons on the Democratic list as Democrats and all the persons on the Republican list as Republicans.

The respondent has been nominated by the mayor and elected from the Republican list by the city council and she is to be deemed a Republican member of the board. Hence, unless there is a vacancy in one of the seats now held by a Republican on that board, the mayor must select a nominee from the Democratic list next April to fill the vacancy then occurring, and this is so even if all the persons on the Democratic chairman's list are out-and-out Republicans and the mayor knows them to be such. This being our view of the law, it follows that the respondent is the lawful holder of the office which she now occupies.

The petition is denied and dismissed, and on December 18, 1957 a decree in accordance with this opinion may be presented for entry by the court.

*Angelo Di Spirito, Jr., Israel Rabinovitz,* for petitioner.

*Richard A. Baldwin,* City Solicitor, for respondent.