J. Joseph Nugent, *Atty. Gen., ex rel.* Aram O. Cote *vs.* Leo J. Mullen.

DECEMBER 22, 1960.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This petition in equity in the nature of quo warranto was brought pursuant to the provisions of general laws 1956, §10-14-1. The petition was brought by the state through the attorney general at the relation of Aram O. Cote to determine whether the relator or the respondent is entitled to the office of member of the board of canvassers and registration of the city of Woonsocket.

The relator had been elected by the city council of the city of Woonsocket to membership as a Republican on the

board of canvassers and registration, hereinafter referred to as the board, on May 1, 1956 pursuant to the provisions of chapter XII of the city charter which was then in effect. His term of office was to extend to March 7, 1960 and until his successor was elected and qualified.

The legislature thereafter provided by statute, public laws 1956, chapter 3754, approved on May 2, 1956, for bi-partisan boards of canvassers to consist of three qualified members elected by city and town councils upon nomination by the mayor or council president from lists submitted by the respective chairmen of the city or town political committee. This statute subsequently was included in G. L. 1956 as §17-8-2. It was amended by P. L. 1958, chap. 18, and became G. L. 1956, §17-8-1.

That statute as thus amended reads in part as follows: "The legislative body of each city and town shall appoint a bi-partisan canvassing authority of three (3) qualified electors of said city or town, not more than two (2) of whom shall belong to the same political party. The mayor or the president of the town council shall nominate the members of said canvassing authority from lists *of party voters* submitted by the respective chairmen of the city or town political committee, which list shall contain the names of five (5) times the number of persons to be appointed." (italics ours) The only change wrought in the statute by the 1958 amendment was the addition of the words "of party voters" italicized in the quotation above.

On April 30, 1959 respondent was elected to the board to succeed the relator. He was elected by the city council as a Democrat upon nomination by the mayor, but it does not appear from the averments of the petition that the mayor, in nominating respondent, acted in conformity with the requirements of the statute that the nominee be selected from a list of party voters submitted to him for that purpose by the chairman of the appropriate local political committee. However, this being a situation in which a public officer

purports to act in the exercise of an authority conferred upon him by statute, we will presume, in the absence of evidence to the contrary, that he acted within and pursuant to the terms of the authority conferred. *Gelinas* v. *Fugere,* 55 R. I. 225, 230; *Carpenter* v. *Comery,* 45 R. I. 266, 271; *Greenough* v. *Board of Canvassers and Registration,* 33 R. I. 559, 571.

On March 7, 1960 respondent entered into the disputed office as successor to the relator, which office he has since continued to occupy. In February 1960, after the election of respondent but prior to his assumption of the office, the chairman of the Republican city committee submitted to the mayor a list of persons for the purpose of having one nominated for the office as a Republican. The mayor made no nomination from this list.

At the time that respondent was elected to membership on the board to succeed the relator, two other persons whose terms had not expired were holding membership thereon. One of these persons was Phyllis Parenteau, who had been elected to membership on the board on April 30, 1957 as a Republican and was the respondent in an equity proceeding in the nature of quo warranto brought to test her title to the office. See *Powers ex rel. Peloquin* v. *Parenteau,* 86 R. I. 469. From the record therein it appears that she was nominated for the office by the then mayor from a list of persons submitted to him for such purpose by the chairman of the Republican city committee. The other member, Gerard J. Bouley, was elected to the board as a Democrat on April 30, 1958 and, in the absence of an averment that he was nominated by the mayor from a list submitted to him for that purpose by the chairman of the Democratic city committee, we will presume that in his nomination and election the statute was complied with.

The petition contains averments that the two remaining members of the board are in fact now actively affiliated with the Democratic party. From those averments the relator

argues that the action of the mayor in submitting to the city council as a nominee for the instant office the name of respondent, which was included in the list of party voters submitted to him for that purpose by the chairman of the Democratic city committee, violated that provision of the act which prohibits membership on the board of more than two persons affiliated with the same political party. As a consequence thereof, he argues, the election of respondent, a Democrat, by the city council was null and void. In support of this contention the relator urges that the mandate of the statute is that these boards be in fact bipartisan in character and that it is the duty of an appointing authority to so exercise his power to nominate persons for election thereto as to preserve the bipartisan character of the board in fact.

The clear implication of this contention is that prior to making a nomination for election to the board the appointing authority must determine as of that time the actual political affiliation of the remaining members and thereafter base his nomination on that determination. In pressing this argument, the relator urges that the determination of the political status of such members made by the party chairmen at the time of their nomination for election is immaterial and that an appointing authority may not rely upon such past determinations of political affiliation.

This statute in its prior form was considered by this court in the *Parenteau* case, *supra*. In that case the late Mr. Justice Andrews, after discussing the attempts by the legislature to secure for the electorate canvassing boards that were genuinely bipartisan, concluded that the instant legislation was intended to have the effect of "vesting absolutely and incontrovertibly in the party chairmen the determination of the party affiliation of the persons whose names they placed on their lists." In other words, under that act the appointing authority was required to accept as conclusive the respective chairmen's determination of the political affiliation

of the persons whose names were submitted to him for nomination.

We do not perceive that the amendment of 1958 by which the chairmen are now required to submit lists "of party voters" in any manner changed the obligation of the appointing authority in that respect. The amendment was obviously intended to restrict the broad power to designate potential nominees formerly held by the party chairmen by requiring them to make their selection for the lists of potential nominees to be submitted to the appointing authority from among the "party voters" of their respective parties.

An examination of the amended statute makes it abundantly clear that it was not the intention of the legislature to therein exclusively impose upon the appointing authorities the obligation of preserving the bipartisan character of these boards. Had it been so intended, consistency would have required that the appointing authorities be given plenary power to select the members. What the legislature clearly intended was to curtail substantially the power of the appointing authorities to defeat the purpose for which the legislation was enacted, that is, to provide for bipartisan canvassing boards. This the legislature sought to accomplish by restricting the nominating power of the appointing authorities to those persons whose names were submitted to them by the local party chairmen in a list of party voters.

The legislature obviously did not intend that appointing authorities would be permitted to go behind the designations of the local party chairmen and to determine for themselves whether the persons contained in such lists were in fact party voters of the chairman's party. Neither is there anything in the act that would permit appointing authorities to make such determinations of political affiliation at a time subsequent to the election of nominees to the board. If the act were to be construed as giving appointing au-

thorities permission to determine the political affiliation of members of the board subsequent to their election thereto, the appointing authorities would be enabled to make nominations for election to the board on the basis of their own determinations as to the political affiliation of the members thereof. Such construction would make it possible to defeat the legislative purpose to provide for bipartisan canvassing boards.

It is our opinion that when a person whose name was included in a list of party voters submitted to an appointing authority by a party chairman is nominated and elected to membership on a board of canvassers, the determination as to the political affiliation of such person made by the party chairman when his name was submitted to the appointing authority continues in force and effect throughout that term in office. We conclude, therefore, that the mayor of Woonsocket in the instant case acted properly in deeming Phyllis Parenteau to be a Republican member of the board and Gerard J. Bouley to be a Democratic member of said board and in nominating the respondent from a list submitted to him for such purpose by the Democratic chairman. It is our opinion that in such circumstances the respondent was legally elected to such board as successor to the relator.

The petition is denied and dismissed, and on January 4, 1961 a decree in accordance with this opinion may be presented for entry by the court.

*Omer A. Sutherland, Thomas Needham,* for petitioner and relator.

*William J. Gearon,* City Solicitor, for respondent.