277 A.2d 307.

FRANCIS L. SIBIELSKI *vs.* LOUIS ACCIARDO.

MAY 18, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This petition in equity in the nature of quo warranto was filed in this court in accordance with the provisions of G. L. 1956 (1969 Reenactment) §10-14-1.[1] It was brought by the petitioner as an alleged lawful incumbent of the Town of Johnston Board of Canvassers.

It appears from said petition and the appropriate papers certified to this court that petitioner, on June 26, 1967, was duly appointed by the Johnston Town Council as a republican member to the Johnston Board of Canvassers, having been chosen therefor from a list of five electors submitted to the town council by the republican town committee chairman, pursuant to the provisions of §17-8-1. Further, this appointment, as provided in §17-8-2, was for a six-year term, and was to expire in June 1973.

It further appears that petitioner was duly sworn on July 24, 1967, and continued to serve in said office until July 14, 1969. On this latter date, the Johnston Town Council adopted a resolution declaring petitioner's appointment to be null and void; that a vacancy now existed and appointed respondent Louis Acciardo to fill such vacancy. The adoption of the resolution declaring petitioner's appointment to be null and void resulted from a request therefor by the new republican town committee chairman. Such request was made on the ground that in the opinion of said chairman, petitioner was no longer a republican. Furthermore, respondent was appointed on the chairman's certification of him as a qualified republican. The cause was docketed in this court on April 3, 1970, and petitioner duly filed his brief pursuant to Rule 16 of the court on

---

[1]This section provides:

"Equity petition in supreme court.—The title to any office, to determine which the writ of quo warranto lies at the common law, may be brought in question by petition in equity in the supreme court."

April 24, 1970. The respondent, however, filed no brief, although given written notice by registered mail, and failed to appear in this court on the day assigned for oral argument. Consequently, the cause was taken under consideration on petitioner's oral argument and brief.

In support of his contention that his purported ouster and replacement by respondent are null and void, petitioner relies on the holding of this court in *Powers ex rel. Peloquin* v. *Parenteau*, 86 R. I. 469, 136 A.2d 687; *Nugent ex rel. Cote* v. *Mullen*, 92 R. I. 69, 166 A.2d 409. An examination of these cases establishes that petitioner's contention is sound. In the first cited case we held that it was an exclusive prerogative of the political party chairman in question to determine party affiliation of persons whose names he placed on his list. Later, in *Nugent ex rel. Cote* v. *Mullen, supra,* we further held that when such determination having been made, the political affiliation of the member appointed continued through the term for which he was appointed. Here, petitioner was appointed as a republican from a list submitted to the town council by the town chairman of the republican party. His status as such is not subject to question throughout the term for which he was appointed.

Moreover, in *Nixon* v. *Malloy*, 52 R. I. 430, 161 A. 135, this court held that the member of a local board of canvassers was a civil officer exercising a portion of the state's sovereignty by virtue of the General Assembly's creation of such office. Having reached this determination, the court further held that the term of the office fixed by statute creating it was not subject to reduction by the municipal legislative body which was vested with jurisdiction to appoint members. The consequences of our holding in *Nixon* v. *Malloy, supra,* is that a member of a municipal board of canvassers may not be removed except for cause. *Nugent ex rel. Cote* v. *Mullen, supra,* establishes that allegations

of an appointee's subsequent change of party loyalty does not constitute good cause.

The petitioner may present to this court in chambers a decree granting the petition as to the validity of his title as a member of the Board of Canvassers of the Town of Johnston and denying the respondent's rights thereto.

*Everett A. Petronio,* for petitioner.