[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Review of the City of East Providence. Appellants seek reversal of the zoning board's decision upholding the zoning officer's finding that appellants were operating a commercial educational institution in a prohibited area. Jurisdiction of this court is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-20.
FACTS/TRAVEL
Appellant George Lemieux is the owner of property located at 55-65 Taylor Drive in the City of East Providence identified on the Tax Assessor's records as Map 502, Block 2, Parcel 23. Appellant MotoRing Services Technical Training (hereinafter "MotoRing") leases the premises. MotoRing conducted a business and training enterprise at the Taylor Drive location for a period of four or five years previous to this zoning controversy.
On February 13, 1990 the zoning officer for the City of East Providence notified appellants that MotoRing was in violation of section 19-98 of the East Providence Zoning Ordinance by operating a school or commercial educational institution in an area zoned I-2 for industrial activity. The city also found MotoRing was operating a commercial school without a certificate of occupancy in violation of section 19-57 of the city ordinances. As MotoRing was found to be violating the ordinances for a period of some years, the city ordered the prohibited use discontinued by February 20, 1990.
Appellants appealed to the zoning board which met to review the zoning officer's decision on May 31, 1990. In a four to one vote, the board upheld the decision. The official decision of the Zoning Board of Review was filed on June 26, 1990, and an appeal to this court was filed on July 11, 1990.
On August 3, 1990 appellants obtained an order from Superior Court preventing the city from taking further action to enforce the decision of the zoning board. That order was conditioned upon appellants making a timely application for a variance or special exception. When a petition for a variance was not filed, the city moved to have this court decide the issue.
At the hearing on May 31, 1990 MotoRing contended the decision of the zoning officer was in error because MotoRing is not a commercial school. (Trans. p. 2). Rather, MotoRing is an automotive repair shop with an apprentice like training program. (Trans. p. 4). Appellants noted they are properly located in an industrial zone because of the work conducted on the premises, and because their training program requires a work setting. (Trans. p. 4).
MotoRing argued further that the State Department of Education found that they are not a commercial school. (Trans. p. 2). MotoRing introduced into evidence a letter from the Office of Higher Education stating that because MotoRing did not receive tuition from the general public, it was not classified by the state as a private commercial school. (Trans. p. 2). The letter stated that MotoRing is exempt from state regulations governing proprietary schools in Rhode Island. (Appellant's exhibit).
At the hearing, MotoRing presented testimony from Mr. Rodericks of the East Providence School Department. Mr. Rodericks told the board that it was his responsibility to keep a record of every individual in the city who attends either a private or public school. (Trans. p. 37). In that capacity, Mr. Rodericks knew that the City of East Providence did not consider MotoRing to be a school, but rather a technical training center. (Trans. p. 38).
Appellants offered testimony before the board that MotoRing was taxed by the city as an automotive repair and training shop. (Trans. p. 6). Mr. Ring, owner of MotoRing, informed the board that zoning officials told him an occupancy permit was not necessary. (Trans. p. 18). Mr. Ring was instructed that because the building was used previously as an automotive repair shop, the use was not changing significantly and an occupancy permit was not required. (Trans. p. 18).
Numerous individuals at the hearing spoke on behalf of MotoRing. (Trans. p. 36-58). Testimony established that trainees in the MotoRing program were paid, (Trans. p. 33, 34, 56, 57) punched-in, (Trans. p. 57), reported to work (Trans. p. 35, 57) and were assigned jobs. (Trans. p. 35, 54).
Also before the board was the zoning officer, Mr. Grace. He informed the board he had been unaware MotoRing was operating a school on the premises. There was no sign on the building and an inspection gleaned no obvious indications a school was in operation. (Trans. p. 29). Mr. Grace sought the assistance of the city's legal department when the issue was brought to his attention. "And based on the information that we had, he and I concluded that this was a commercial educational institution because we didn't feel that it properly fit any of the other categories." (Trans. p. 21). Mr. Grace also stated that when he and legal counsel made the decision, they did not have the benefit of the evidence presented by appellants at the hearing. (Trans. p. 21).
Members of the zoning board repeatedly noted MotoRing's own promotional literature in which the facility was referred to as a "school," (Trans. p. 19, 29). Testimony repeatedly referred to MotoRing as a "school" (Trans. p. 15, 47, 48, 59, 62) and trainees were referred to as "students" (Trans. p. 14, 18, 38, 63, 75). Mr. Ring told the board MotoRing was paid by the state on a placement basis for individuals participating in its training program (Trans. p. 31). In the vote, board members reasoned that because the issue was difficult to resolve they should defer to the advice of legal counsel, as the zoning officer had. (Trans. p. 74). Accordingly, the board found that MotoRing was appropriately classified as a commercial educational institution under the definition provided by the City of East Providence. (Trans. p. 76).
II. Appellate Review of Municipal Zoning Board Decision
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-20(d), which provides:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a zoning board decision, the Superior Court will not substitute its judgment for that of the zoning board, but rather, will examine the whole record to determine the decision was supported by substantial evidence. Apostolou v. Genovesi,388 A.2d 821, 824 (R.I. 1978). Questions of law are expressly within the statutory authority, and thus proper for review.Toohey v. Kilday, 415 A.2d 732, 735 (R.I. 1980).
Appellants argue on appeal that the decision of the zoning board was contrary to the facts and the law, and an improper exercise of authority. Specifically, appellants note that both the State Department of Education and the East Providence School Department find that MotoRing is not a commercial school. G.L. 1956 (1988 Reenactment) § 16-40-1(a) requires that all proprietary schools or institutions in the state are subject to regulation under chapter 40 of title 16, and subject to the standards adopted by the appropriate governing boards of the State Department of Education. Thus, the state, by exempting MotoRing from its regulation, has precluded its classification as a proprietary school or commercial education institution.
Appellants further contend that zoning officials reacted in error to a volatile and emotional tragedy in the neighborhood. They state zoning officials, prior to the tragedy, gave specific approval to MotoRing when inquiry was made concerning the occupancy permit. Thus, the actions of the zoning board are seen as erroneous, and an improper exercise of authority.
Alternatively, the city asserts that the decision of the zoning board was properly founded on substantial evidence. Specifically, the board held MotoRing was properly included in the city's definition of commercial educational institution. Section 19-1 of the East Providence Zoning Ordinance defines commercial educational institutional as "any profit-making institution such as secretarial and business schools, technical institutions, colleges, schools, commercial colleges and other similar educational organizations or institutions." The board heard testimony that MotoRing was paid on a placement basis to produce a profit and properly concluded it was a commercial school according to the East Providence Ordinance. The city contends that notwithstanding the decision of the Office of Higher Education, the city has the power to make such determinations, conferred by the General Assembly through zoning enabling legislation.
The issues for determination turn on whether MotoRing is properly confined to the East Providence definition of commercial educational institution, and whether the Zoning Board of Review acted within the powers conferred to them in the appropriate zoning enabling legislation. Situations in which application of a municipal ordinance and application of a state law result in inconsistent findings is a classic preemption problem. Berberianv. Housing Authority of Cranston, 315 A.2d 747, 749 (R.I. 1974). The preemption question, as well as, the issue of statutory authority involve analysis of legislative intent. As such they are questions of law and properly taken up by this court on review. R.I. Cogeneration Associates v. City of EastProvidence, 728 F. Supp. 828, 832 (D.R.I. 1990).
III. Preemption
Preemption is express when the legislative intent to preempt is express in the statute. Palmer v. Liggett Group, 825 F.2d 620, 625 (1st Cir. 1987). Implied preemption operates when state legislation occupies the field of regulation, and state law of statewide application conflicts with a municipal ordinance on the same subject. East Greenwich v. O'Neil, Supreme Court No. 91-477, at 10, (December 4, 1992). Implied preemption has long been recognized in Rhode Island:
 "It is declared to be a fundamental principle that municipal ordinances are inferior in status and subordinate to the law of the state. . . . It is also recognized in this jurisdiction that an ordinance inconsistent with state law of general character and state wide application is invalid." Wood v. Peckham, 80 R.I. 479, 482, 98 A.2d 669, 670 (1953).
Analysis of the effect of the ordinance is proper to determine if preemption is appropriate. R.I. Cogeneration v. EastProvidence, 728 F. Supp. at 834. The ordinance will be found invalid if it inhibits the enforcement of state laws, threatens to disrupt the state's overall scheme of regulation, or provides an alternative regulatory scheme. Id.
Article XII of the state constitution provides that education is a state function. City of Pawtucket v. Pawtucket TeachersAlliance, 141 A.2d 625, 627 (R.I. 1958). It is administered by the cities and towns through their school committees, as agencies of the state government. Id. Under the General Laws of Rhode Island title 16 provides a sweeping and comprehensive regulatory plan with respect to education. The powers afforded to local school committees are governed by G.L. 1956 (1988 Reenactment) §16-2-9. Those powers are limited to operation and maintenance of public schools and they are subject to compliance with state mandates.[1]
The regulation of private schools is governed by chapter 40 of title 16. Section 16-40-1(a) provides that no private school or institution will be incorporated, established or permitted to conduct business unless it is in compliance with chapter 40 and the applicable state regulations and standards.[2] This provision expresses the intent of the legislature to encompass all private educational facilities within the purview of its regulation. Section 16-40-11 goes on to require the registration of all private schools in the appropriate state office.[3]
The regulations promulgated under chapter 40 define "proprietary school" or "school" as "any organization or association, profit or non-profit, doing business in the State of Rhode Island by offering to the public, for a tuition, fee or charge, instructional or educational services or supplementary training, and which is not specifically exempted." The second exemption listed provides "a course or courses of instruction or study sponsored by an employer for the training and preparation of its own employees, and for which no tuition fee is charged to the student." 13 CRIR No. 08 000 007 (1992). Thus, MotoRing was properly exempted from state regulation by the Office of Higher Education. MotoRing could not be regulated under chapter 45 of title 16 pertaining to vocational schools, as this chapter applies only to public vocational-technical centers established by the state and maintained cooperatively by state and local districts. See G.L. 1956 (1988 Reenactment) § 16-14-1; 13 CRIR No. 08 010 001 (1992).
After review of the record, this court finds the action of the East Providence Zoning Board of Review treads impermissibly upon the state's scheme regulating education. Their action was impliedly preempted by G.L. § 16-40-1(a), as the legislature has clearly intended to impose with the state the superior power to control the incorporation, establishment and business activity of private educational institutions. The zoning board's decision, if allowed to stand, would create chaos in enforcement of state laws and unduly disrupt the state scheme.
Statutory Authority of Zoning Enabling Legislation
The East Providence Zoning Board contends its action was authorized by the powers conferred to it through zoning enabling legislation. The enabling legislation effective in 1990 was G.L. 1956 (1988 Reenactment) § 45-24-1 through § 45-24-26. These provisions do not specifically address the city's power to define schools[4] or regulate the establishment or operation of commercial educational institutions.[5] Thus, this court finds the zoning board acted in excess of the authority granted to them by the state by imposing a status upon appellants contrary to the state's regulations designed to do so.
This court is mindful that the 1991 Zoning Enabling Act speaks unequivocally to the matter. G.L. 1956 (1991 Reenactment) § 45-24-28(E) provides: "Nothing in this chapter shall be construed to limit the authority of agencies of state government to perform any regulatory responsibilities." Consequently, effective July 1, 1993 § 45-24-28 expressly preempts action such as that taken by the East Providence Zoning Board of Review, and further evidences the legislative intent to impliedly preempt in the prior legislation.
After review of the entire record, this court finds that the board's decision finding MotoRing Technical Training a commercial educational institution is in excess of the authority granted to it by statute and is affected by error of law. Accordingly, the May 31, 1990 decision of the East Providence Zoning Board of Review is hereby reversed.
Counsel shall submit the appropriate judgment for entry by the court within ten (10) days.
[1] G.L. 1956 (1988 Reenactment) § 16-2-9 provides:
(a) [S]chool Committees shall . . .
(3) . . . provide for and assure the implementation of federal and state laws. . . .
[2] Section 16-40-1(a) reads:
No academy, college, university, or other institution of secondary or higher education shall be incorporated or established in this state or be permitted to transact business within this state unless and until suitable provision, approved by the board of regents for elementary and secondary education or the board of governors for higher education, as appropriate, shall be made that the academy, college, university, or institution is in compliance with the provisions of this chapter and with the regulations and standards for approval adopted by the appropriate one of those boards to implement this chapter.
[3] Section 16-40-10 exempts from regulation under chapter 40, public schools, private schools established prior to April 13, 1922, and facilities established by special act of the general assembly before 1987.
[4] Section 45-24-1 Power of Councils — Scope of Ordinances
For the purpose of promoting the public health, safety, morals, or general welfare, the city council of any city, and the town council of any town, upon the approval of the financial town meeting of the town shall have the power in accordance with the provisions of this chapter, within the limits of the city or town ordinance, to regulate and restrict the height, number of stories, and size of buildings and other structure, the percentage of lot that may be occupied, the size of yards, courts, and other open spaces, the density of population, the location and use of buildings, structures, and land for trade, industry, residence, or other purposes, and to prohibit or limit uses of land in areas deemed to be subject to seasonal or periodic flooding.
[5] With respect to schools, § 45-24-3 provides:
Regulations shall be made in accordance with a comprehensive plan . . . designed to . . . facilitate the adequate provision of . . . schools. . . .