251 A.2d 536.

A. FERLAND & SONS, INC. *vs.* ZONING BOARD OF REVIEW OF THE CITY OF EAST PROVIDENCE.

MARCH 24, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This petition for certiorari was brought to obtain a review of the action of the zoning board of review of the city of East Providence denying the petitioner's appeal from a refusal on the part of the city building inspector to issue a building permit to erect an eight-apartment building on lots 104 and 332 of assessor's plat 69 of that city. The writ issued, and pursuant thereto the respondent has certified to this court the record in the cause.

The record discloses that petitioner on May 22, 1964, filed an application for an exception or special permit to erect a multi-apartment dwelling in a residence A zone. At that time an apartment building was a conditionally permitted use in such zone. On May 24, 1965, the board, finding that a grant of the relief sought would substantially serve the public convenience and welfare and would not substantially or permanently injure the appropriate use of surrounding property, granted the exception. It was subject to several conditions, one of which was that "* * * work commence within six (6) months from the granting of this petition." On June 7 a number of remonstrants prosecuted an appeal to the supreme court from the decision granting the exception.

It is important to note that on November 29, 1966, while the appeal was pending, the city council amended the zoning ordinance changing the use classification of the lots in question to R-3, in which areas multiple dwellings are

not a permitted use and are not the subject of an exception. It further appears that on May 1, 1967, this court, on its own motion, dismissed the appeal of the remonstrants for want of prosecution. On March 19, 1968, petitioner applied to the building inspector for the issuance of a building permit pursuant to the special exception that had been granted it, basing this request on the dismissal of the remonstrants' appeal.

Subsequently the building inspector, upon the advice of the city solicitor, denied the request for the issuance of a building permit. The petitioner thereupon requested the zoning board of review to review the decision of the building inspector denying the issuance of the permit, pursuant to the provisions of §45-24-19 (a). On May 20 the board, apparently without hearing, held that the matter was one in which petitioner would be required to file a new application for relief under the ordinance.

The petitioner, while raising several contentions concerning failure to have notice with respect to the dismissal of the remonstrants' appeal in the supreme court, is here clearly appealing from the decision of the board of review denying its appeal from the refusal of the building inspector to grant the building permit. The right of petitioner here to the issuance of such building permit rests upon the validity, at the time of such request, of the special exception granted it in May 1965. If the effect of the amendment of the ordinance in 1966 was to nullify the exception granted in 1965, then petitioner's right to a building permit, which right derived from the grant of the exception, was revoked. The question then is: What was the effect of the 1966 amendment on this particular petitioner's rights?

In *Shalvey* v. *Zoning Board of Review*, 99 R. I. 692, 210 A.2d 589, this court for the first time considered the effect of a subsequent amendment of a zoning ordinance on uses

that had accrued to a landowner either as of right or by way of exception prior to the change in the ordinance. The fact situation in *Shalvey* is, as a practical matter, identical with that presented by the case before us. In *Shalvey* the question was whether certain building permits issued by the building inspector to exercise what was then a permitted use had been revoked by an amendment of the zoning ordinance changing such use of the land while an appeal from the grant of those permits was pending. However, in the instant case the question is whether the special exception pursuant to which a building permit is now sought was revoked by the subsequent amendment to the zoning ordinance while an appeal from the grant of the exception was pending.

In *Shalvey* we recognized that the weight of authority supports the proposition that a local legislature, in exercising the police power to establish use classifications, may amend an ordinance and thereby eliminate a prior lawful use. In appropriate circumstances such action will operate as a revocation of the special exception previously granted or a building permit previously issued pursuant to a then permitted use. We recognized also that there is a substantial line of authorities supporting the proposition that in appropriate circumstances a use that was lawful when the permit or exception was granted may be immunized against subsequent impairment or revocation resulting from an amendment to the zoning ordinance. In other words, we recognized that local legislatures generally, in an exercise of the legislative power amending the zoning ordinance, may nullify permits obtained at a prior time while a now eliminated use was lawful.

However, we recognized also the widely accepted view that where a permittee in reliance on such permit had acted in good faith pursuant thereto in making substantial preparation either to qualify for the grant of the permit

or in reliance thereon to proceed with construction, the courts will recognize his acquisition of equities that will immunize his permit from such revocation or nullification. In short, it is our view that where the permittee has acquired an equity in the use authorized in the permit sufficient to justify its preservation from revocation, the amendment of the ordinance will be held not to operate so as to nullify that permit.

We think the concept of the view we take is aptly stated in *Sautto* v. *Edenboro Apartments, Inc.,* 69 N.J.Super. 420, 429, 174 A.2d 497, 502: "* * * where a property owner has been granted a building permit for a use valid when granted, the municipality nevertheless has a right to adopt later zoning or other police power legislation restrictive of the enjoyment of the permit already issued, but not where the permittee in reliance upon the permit has made substantial investment or expenditure, or where the extent of his reliance and the nature of the behavior of the parties show a balance of the equities strongly in favor of the permittee as against the general public represented by the municipal authorities * * *."

In our opinion, the record in the instant case is barren of any evidence tending to establish that petitioner, acting in good faith, made any substantial investment or expenditure to qualify itself to obtain the special exception or, in reliance thereon, substantially incurred obligations in pursuance of the construction for which the special exception was granted. To the contrary, the record here establishes affirmatively that petitioner did nothing, acting in reliance upon the grant of the exception, that could be considered as making a substantial expenditure in pursuit thereof or the incurring of any obligations preliminary to engaging in the construction contemplated when the exception was granted. So far as this record is concerned, all that petitioner did was to apply for and be granted a special excep-

tion and subsequently, after the appeal had been dismissed by this court sua sponte, to apply for a building permit. We are unable to agree that this conduct was sufficient to lead us to hold that any equities had accrued to petitioner that would suffice to immunize the special exception granted in 1965 against nullification by the amendment of the ordinance in 1966. We are constrained to conclude then that the special exception was revoked by the amendatory legislation and that the right to a building permit deriving therefrom expired at the same time.

Because we take the view that the special exception pursuant to which the petitioner sought a building permit in 1968 was nullified by amendment of the ordinance in 1966, we perceive no necessity for proceeding to consider the effect of the petitioner's lack of notice of the dismissal by this court of the appeal in 1967.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the record certified is ordered returned to the respondent board with our decision endorsed thereon.

*William F. Fidalgo,* for petitioner.

*Stephen R. Walsh,* City Solicitor, for respondent.