367 A.2d 711.

THOMAS J. BORROMEO *vs.* PERSONNEL BOARD OF THE TOWN OF BRISTOL.

JANUARY 7, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C. J. This case is before the court on a writ of certiorari to review the action of the Personnel Board of the Town of Bristol in refusing to grant the petitioner, Thomas J. Borromeo, a hearing pursuant to art. 12, secs. 1204 and 1205 of the Bristol Home Rule Charter on the ground that said board did not have jurisdiction. We agree.

The facts in the instant case are not in dispute. Thomas J. Borromeo was appointed Building Inspector of the Town of Bristol on July 2, 1973. On December 2, 1974, Augustine J. Nunes, the new Town Administrator took office and on December 3, 1974, he orally informed the petitioner that his services were terminated.

On December 6, 1974, the petitioner appealed in writing his firing by the Town Administrator and requested a hearing before the board pursuant to sec. 1205A of the Bristol Home Rule Charter and art. 10, sec. 4 of the Personnel Ordinance of the Town of Bristol.

On January 21, 1975, the board held a hearing to deter-

mine whether petitioner came within the provisions of sec. 1205A of the charter and sec. 4 of the personnel ordinance. The next day the board issued a written statement denying petitioner a hearing on the ground that it did not have jurisdiction with regard to the position of building inspector.

At issue in this case is the interpretation and effect of two sections of the charter, secs. 910 and 1204, and art. 2, sec. 1 of the personnel ordinance.

The Bristol Home Rule Charter became effective July 1, 1971 (art. 14, sec. 1401). Article 9, sec. 910 of the charter provides: "There shall be inspectors appointed by the Town Administrator to perform the following functions: building inspection * * *. All such inspectors will serve during his pleasure."

Article 12 of the charter creates a personnel system which is administered by the personnel board. Section 1204 of this article provides that all "paid, full time officials and employees of the Town" are covered by the personnel system, except several specifically enumerated categories of employees. The section makes no reference whatsoever to building inspectors appointed pursuant to sec. 910. Section 1205A provides that upon demotion, dismissal or suspension, employees covered by the personnel system are entitled to written notice and a hearing before the Personnel Board.

The personnel ordinance, adopted June 2, 1968, and readopted November 1, 1972, pursuant to sec. 1204A of the charter, in art. 2, sec. 1 states that the provisions of the personnel system shall apply to "all positions in the Town", except certain enumerated categories of employees. Again, no reference is made to building inspectors.

The petitioner contends that in view of the conflict between the charter provisions and art. 2, sec. 1 of the per-

sonnel ordinance, since the ordinance was readopted after the effective date of the charter, it was the last in time and should prevail. The petitioner also argues that the ordinance should be considered a special provision modifying the general provisions of the charter.

Finally, petitioner contends that since he is not specifically excluded from the provisions of secs. 1204 and 1205, he is a member of the personnel system of the town, notwithstanding the contrary language of sec. 910.

## I

The petitioner's first contention that the ordinance being last in time should prevail over the charter provisions is without foundation. We have stated previously that ordinances are inferior in status and subordinate to the laws of the state; an ordinance that is inconsistent with a state law of general character and state-wide application is invalid. *Wood* v. *Peckham*, 80 R.I. 479, 482, 98 A.2d 669, 670 (1953). Similarly, town ordinances are subordinate to the provisions of the respective town charters. The provisions of a town charter are the organic law of the town with respect to municipal affairs. 56 Am. Jur.2d *Municipal Corporations* §127 (1971). Since the state statutes and the state constitution constitute the organic law of the state and ordinances inconsistent therewith are invalid, it follows that ordinances that are inconsistent with provisions of the charter are illegal and inferior to the provisions of the charter. As a result the provisions of the personnel ordinance neither prevail over nor can they be considered a modification of the provisions of the charter.

## II

With respect to petitioner's contention that since he is not specifically excluded under sec. 1204A of the charter, he is covered by the personnel system of the town and has a right to a hearing under sec. 1205, we must answer in the negative.

Our rationale in supporting this conclusion turns upon the resolution of the inconsistent provisions of secs. 910 and 1204 of the charter. When a court is called upon to construe the provisions of a town charter, the rules of statutory construction apply. *Angel* v. *Murray*, 113 R.I. 482, 486, 322 A.2d 630, 633 (1974). The applicable law in this instance is the rule of statutory construction enunciated in G. L. 1956 (1970 Reenactment) §43-3-26 which states:

> "Wherever a general provision shall be in conflict with a special provision relating to the same or to a similar subject, the two (2) provisions shall be construed, if possible, so that effect may be given to both; and in such cases, if effect cannot be given to both, the special provision shall prevail and shall be construed as an exception to the general provision."

Here, effect cannot be given to both provisions because the provision in sec. 910 that the building inspector shall serve at the pleasure of the town administrator is inconsistent with the provisions of secs. 1204 and 1205 which protect town employees from dismissal without cause. While both sections refer to employees, they are inconsistent as to the manner of dismissal. Therefore, §43-3-26 mandates that the special provision prevail over the general provision.

Section 910 specifically provides that building inspectors are to be appointed by the town administrator and to serve at his pleasure. This provision relates to a specific classification and therefore must be considered a special provision.

Section 1204 in turn states that all paid, full-time officials and employees are covered by the personnel system unless specifically excluded by sec. 1204. This section applies in general to officials and employees of the town.

Thus, applying the rule, we find that since secs. 1204 and 1205 are general provisions, they are subordinate to sec.

910 of the charter. As a result, the position of building inspector is excluded from the personnel system of the town of Bristol. The personnel board was correct in deciding it did not have jurisdiction to grant the petitioner a hearing pursuant to secs. 1204 and 1205.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

Motion for reargument denied.

*Pasquale T. Annarummo,* for petitioner.

*Emilio D. Iannuccillo,* for respondent.