Ernest MONGONY et al.

v.

Joseph J. BEVILACQUA, Ph.D., Director, Department of Mental Health, Retardation, and Hospitals et al.

No. 80–173–Appeal.

Supreme Court of Rhode Island.

July 14, 1981.

Louis M. Cioci, Johnston, for plaintiffs.

Dennis J. Roberts, II, Atty. Gen., Eileen G. Cooney, Sp. Asst. Atty. Gen., for defendants.

OPINION

BEVILACQUA, Chief Justice.

The plaintiffs brought this action for declaratory and injunctive relief in the United States District Court for the District of Rhode Island, alleging that their constitutional rights under the Fifth and Fourteenth Amendments would be violated by the proposed establishment by the defendants of a community residence for retarded persons in their neighborhood. Before reaching the federal constitutional issues raised by the plaintiffs, the District Court judge pursuant to Supreme Court Rule 6 certified to this court a series of questions,

together with a statement of facts relevant to the controversy in which the questions arose.

The underlying facts in the instant case are undisputed. In 1979 the State of Rhode Island Department of Mental Health, Retardation, and Hospitals (the department) purchased a parcel of property located in a "Residential A" zone,[1] at 22 Buratti Road, Johnston, Rhode Island, for use as a community or group residence for six retarded persons. The plaintiffs, all Johnston residents who resided within 500 feet of the property on which the proposed community residence would be established, conveyed their objections to the proposed use of the Buratti Road property to the department and to Johnston town officials.

Subsequently, in February 1979, a meeting was held between the assistant director of the division of retardation of the department, Dr. Robert L. Carl, Jr., and Johnston town officials. On March 15, 1979, another informational meeting was conducted between the assistant director and area residents. Notwithstanding these meetings, plaintiffs still being dissatisfied, filed a complaint in the United States District Court for the District of Rhode Island alleging that the proposed use of a community residence for retarded citizens did not constitute a "single family dwelling" within the ambit of the applicable provision of the Johnston zoning ordinance and that estab-

lishment of any such community residence would result in a diminution of surrounding property values to such an extent that area residents would be deprived of property without due process of law. Furthermore, plaintiffs alleged that the application of General Laws 1956 (1980 Reenactment) § 45–24–22,[2] as enacted by P. L. 1977, ch. 257, § 1, denied them equal protection of the law by permitting a special category of persons to be exempt from all local zoning restrictions while plaintiffs were not entitled to such an exemption. Accordingly, plaintiffs sought a declaration that § 45–24–22 violated their constitutional rights and that defendants by permanently enjoined from establishing the community residence on Buratti Road.[3]

At the hearing, plaintiffs presented as a witness Frank Gallo, the zoning enforcement officer and the building inspector of the town of Johnston. Gallo testified that while single-family dwellings were allowed in the residential area of Buratti Road, residences wherein six retarded citizens would live would not constitute a "family" for purposes of compliance with the Johnston zoning ordinance.[4] Therefore, the establishment of a community residence at 22 Buratti Road was not permitted.

Testifying on behalf of defendants, Dr. Robert L. Carl, Jr., initially set forth the nature and purpose of a community resi-

---

1. A "Residential A" zone, the zone in which the proposed community residence was to be located, is now designated a "R–40" residential zone under the Johnston Town Code, Zoning art. VI, § 26–25 (1980). We note, however, that under either a "Residential A" or a "R–40" designation, a single-family dwelling is a permitted use at the proposed location of the home. Johnston Town Code, Zoning art. VI, § 26–29 (1980).

2. General Laws 1956 (1980 Reenactment) § 45–24–22 reads as follows:

 "Whenever six (6) or fewer retarded children or adults reside in any type of residence in the community, they shall be considered a family and all requirements pertaining to local zoning are waived."

3. The town of Johnston is also a party as a result of a motion to intervene which was granted by the court.

4. Under the applicable Johnston zoning ordinance then in existence, "family" was defined as "[o]ne or more persons living together as a single housekeeping unit." During the course of the hearing in the Federal District Court, however, the definition of family was changed to: "One or more persons living as a single non-profit housekeeping unit, as distinguished from a group occupying a hotel or club." Johnston Town Code, Zoning art. XVIII (19) (1980). In keeping with our general rule, we shall apply the Johnston zoning ordinance as it presently reads. See Goodman v. Zoning Board of Cranston, 105 R.I. 680, 683, 254 A.2d 743, 745 (1969); A. Ferland & Sons v. Zoning Board of East Providence, 105 R.I. 275, 278, 251 A.2d 536, 538 (1969); Tantimonaco v. Zoning Board of Johnston, 100 R.I. 615, 617, 218 A.2d 480, 483 (1966).

dence for retarded persons. Doctor Carl also offered his opinion that the proposed community residence constituted a single housekeeping unit. Both sides submitted evidence about the property in the surrounding area.

Upon the conclusion of all the testimony, the District Court judge found as a fact that the testimony of Dr. Carl presented on behalf of defendants regarding the method and manner of use of the proposed community residence was entirely credible and without any inherent contradictions. The District Court judge, however, decided that before he would address the constitutional issues presented by the plaintiffs, it was necessary that the Rhode Island Supreme Court answer the following certified questions:

"1. Is the proposed use at 22 Buratti Road a family use within the provisions of, and as that term is employed, in the Zoning Ordinance of the Town of Johnston[?]

"2. If the response to Question Number 1 is no, is the application of the Zoning Ordinance of the Town of Johnston superseded by the provisions of Section 45–24–22, General Laws of Rhode Island, 1956, as amended, with respect to the proposed use at 22 Buratti Road[?]

"3. If the response to Question Number 2 is no, does Section 45–24–22, General Laws of Rhode Island, 1956, as amended, preclude the application of the provisions, including limitations, of the Zoning Ordinance of the Town of Johnston, to the property located as Number 22 Buratti Road in said Town[?]

"4. If the response to Question Number 3 is no, then does the Zoning Ordinance of the Town of Johnston apply to the proposed use, in view of the fact that title to the property at 22 Buratti Road is in the State of Rhode Island[?]"

The plaintiffs contend first that the town building inspector, acting as the town's zoning enforcement officer, properly determined that the projected occupants of the proposed community residence did not fall within the definition of family as set forth in the Johnston zoning ordinance. Moreover, plaintiffs argue that anyone aggrieved by the decision of the building inspector should file an appeal in accordance with the provisions of Johnston Town Code, Zoning art. II, § 26–10 (1980), and if necessary, in accordance with § 45–24–20. Thus plaintiffs contend that the answer to the first certified question should be "No." The defendants argue that the answer to the first question should be "Yes" because the proposed community residence constitutes a single-family dwelling, a permissible use under the Johnston zoning ordinance.

As we have already noted, under the applicable Johnston zoning ordinance, a family is "[o]ne or more persons living as a single nonprofit housekeeping unit, as distinguished from a group occupying a hotel or club." Johnston Town Code, Zoning art. XVIII (19) (1980); *see* note 4 *supra.* The Johnston zoning ordinance, however, does not impose any requirement that the persons living together be biologically related in order to constitute a family.

 It is a well-settled principle in this jurisdiction that the rules of statutory construction apply equally to the construction of an ordinance. *Town of Warren v. Frost,* 111 R.I. 217, 222, 301 A.2d 572, 573 (1973); *Nunes v. Town of Bristol,* 102 R.I. 729, 737, 232 A.2d 775, 780 (1967). We have also stated, however, that when the language of a statute or a zoning ordinance is clear and certain, there is nothing left for interpretation and the ordinance must be interpreted literally. *See Cranston Tachers' Association v. Cranston School Committee,* R.I., 424 A.2d 648, 650 (1981); *Lecault v. Zoning Board of Cumberland,* 91 R.I. 277, 280, 162 A.2d 807, 809 (1960).

 Guided by these standards, we must give literal effect to the definition of family under the Johnston zoning ordinance. Through the testimony of Dr. Carl it was established that the residents at Buratti Road would participate in the maintenance and upkeep of the house by sharing in common household duties such as washing dishes, making beds, preparing meals, and

setting the table. Relying upon his education and knowledge of the proposed living situation at Buratti Road, Dr. Carl indicated that the proposed community residence would constitute a single housekeeping unit. Furthermore, plaintiffs do not contend that the Fogarty Center, the independent contractor hired by the state to supervise the community residence, is anything other than a nonprofit institution. Therefore, we find that the proposed community residence at 22 Buratti Road did constitute a "single non-profit housekeeping unit, as distinguished from a group occupying a hotel or club" in accordance with the Johnston zoning ordinance. Accordingly, the answer to the first certified question is "Yes."

## II

Our answer to the first certified question obviates any detailed consideration of the remaining certified questions. However, because of the likelihood that the second question will arise again, we note that as a general rule, a state law of general character and statewide application is paramount to any local or municipal ordinance inconsistent therewith. *Borromeo v. Personnel Board*, 117 R.I. 382, 385, 367 A.2d 711, 713 (1977); *Wood v. Peckham*, 80 R.I. 479, 482, 98 A.2d 669, 670 (1953). We find that G.L. 1956 (1980 Reenactment) § 45–24–22 is a general statute of statewide application and thus, any local ordinance inconsistent therewith is invalid.[5] Accordingly, the answer to the second certified question is also "Yes."

We thus answer the first two certified questions in the affirmative. Because of our disposition of the first two questions, we need not address the remaining two questions.

---

**5.** Indeed, the statute makes clear that when six or fewer retarded persons are living together in any residence in the community, they constitute a family and local zoning requirements that might lead to a different conclusion regarding the status of these individuals shall not apply. *See* note 2 *supra*.