[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is an appeal from the Charlestown Zoning Board of Review ("Board") decision. Kevin Kulak, Petitioner seeks reversal of the Board's decision upholding the issuance of the Certificate of Occupancy ("CO") to Richard and Mary Campbell. In the alternative, Petitioner requests this case be remanded to the Zoning Board for revocation of the building permit. This Court has jurisdiction pursuant to G.L. 1956 §45-24-69.
 Facts and Travel
On November 20, 2000, property owners Richard and Mary Campbell filed for a dimensional zoning variance and special use permit regarding construction of their home in an R-20 residential zone located at 110 Surfside Avenue in Charlestown, Rhode Island, and known as Assessor's Plat 2, Lot. No. 66. Mr. and Mrs. Campbell requested permission to reconstruct a single family dwelling closer to property lines allowed in an R-20 zone. The relief sought was a 3.56 ft. variance and requires a 5.89% lot coverage variance. (Zoning Board Application #731.)
On December 20, 2000, the Charlestown Zoning Board of Review (the "Board") granted the variance and special use permit. Petitioner, Kevin Kulak did not appeal that decision.
Mr. and Mrs. Campbell provided plans to the Charlestown Building Official, Donald DiNucci. The building official verified that the plans were in conformity with the relief granted by the Board. On February 2, 2001, the Board issued a building permit. These plans became a matter of public record at the Charlestown Town Hall.
Mr. and Mrs. Campbell began construction, but were served with a Stop Work Order, dated July 5, 2001. Specifically, the Stop Work Order was in regard to the Campbell's construction of a basement stairway, generator pad, and outdoor shower, which encroached in the setback area. On September 28, 2001, the building official sent a letter to Mr. and Mrs. Campbell, instructing them to obtain dimensional relief from the Board or abate the violations. Mr. and Mrs. Campbell applied for additional relief on October 10, 2001, which was denied on March 20, 2002. Mr. and Mrs. Campbell properly removed all items which were in violation.
Upon completion of construction, Mr. and Mrs. Campbell requested a Certificate of Use and Occupancy ("CO"). John Matuza, who replaced Mr. DiNucci as Charlestown Building Official, reviewed the plans and inspected the property in preparation for issuance of the CO. Mr. Matuza recalculated the lot coverage based on the November 2000 plans, and his calculation was 250 square feet greater than the lot coverage variance allowed by the Board in December. The discrepancy was apparently caused by a miscalculation or misapplication in the process. Mr. Matuza further determined the house had been constructed in accordance with the plans submitted, and construction complied with the state building code. Thus, on February 6, 2003, Matuza issued the CO.
On February 14, 2003, Petitioner appealed the issuance of the CO. On May 20, and June 17, 2003, hearings were held on the matter. Mr. Matuza testified regarding the discrepancy between the approval granted by the Board and the building permit as issued, and to the issuance of the CO. (Tr. of 5/20/03 at 22-4.) The Petitioner's witness, Jon Vernava, civil engineer, testified to the calculations of lot coverage percentages which were in excess of what the Board had approved in 2000. The zoning relief granted in December 2000 was 25.78% lot coverage. Mr. Vernava calculated the actual lot coverage at 28.17%. The Board approved lot coverage of 2,695 square feet, but the actual square footage measured on the site was 2,945. (Tr. of 5/20/03 at 47-52.) The discrepancy was 250 square feet. Mr. and Mrs. Campbells' witness, Herb Arnold, explained through testimony that the error in question originated from the number in his lot coverage calculation. (Tr. of 5/20/03 at 71-8.)
Regardless of the mathematical computation, the size of the proposed structure was clear from the application. Though the record is not clear, a plan attached to Exhibit 1 of the documents submitted to the Board leaves no mystery about the expanse of the proposed structure.
On June 23, 2003, the Board affirmed issuance of the CO and denied Petitioner's appeal. The Board determined the building official had issued the CO in conformity with applicable law, and further concluded his appeal was untimely because the zoning issues raised by Petitioner should have been addressed at the time the building permit was issued.
Petitioner timely appeals the Board's decision to this Court. Mr. and Mrs. Campbell and the Town of Charlestown ("Respondents") oppose that appeal.
 Standard of Review
The Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D), which provides:
 (D) The court shall not substitute its judgment for that of the Zoning Board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the Zoning Board of Review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the Zoning Board of Review by statute or ordinance;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. Id.
When reviewing a zoning board's decision, a Superior Court justice may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the Board's decision was supported by substantial evidence. Apostolou v. Genovesi, 120 R.I. 501, 508,388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount, more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co. Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou,
388 A.2d 824-825). Thus, the reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New England Naturist Ass'n. Inc. v. George, 648 A.2d 370, 371
(R.I. 1994) (citing Town of Narragansett v. International Association ofFire Fighters, AFL-CIO, Local 1589, 380 A.2d 521 (R.I. 1977)).
 Timeliness of Appeal
Respondents argue Mr. Kulak is estopped from appealing the issuance of the CO because the appeal was untimely. Respondents suggest the appropriate way for Mr. Kulak to address alleged zoning violations would have been to appeal the issuance of the building permit, rather than the CO. Mr. Kulak suggests that this argument encourages people to overbuild on prior approvals hoping that neighbors will not appeal within the statutory time period.
The Board found the appeal was not filed in a timely manner as proscribed by law. Appeals to the Board from the issuance of a building permit shall be taken within 10 days. See Charlestown, R.I. Zoning Ordinance, Article IV § 218-28. In the instant case, the town issued a building permit to Mr. and Mrs. Campbell in February 2001. The building plans, which contained structural dimensions, were submitted prior to issuance of the building permit and were public record. Thus, Mr. Kulak had the opportunity to review the plans and failed to appeal issuance of the building permit based on these plans. See Sousa v. Town of Coventry,774 A.2d 812, 815 (R.I. 2001) (stating public nature of town council meeting gave plaintiffs constructive notice of building permit issuance). Here, two years had passed before Mr. Kulak's appeal. Principles of equity are not in favor of the party seeking relief, but favor the property owners. See Elmcrest Realty Co. v. Zoning Bd. ofRev., 78 R.I. 432, 82 A.2d 846 (1951); Shalvey v. Zoning Board of Reviewof Warwick, 99 R.I. 692, 210 A.2d 589 (R.I. 1965); Jones v. Rommell,521 A.2d 543 (R.I. 1987). Accordingly, the Board's finding the appeal was not timely is affirmed.
 Laches
Mr. Kulak argues compliance with time limits places an extremely high burden on neighbors who have to guard against aggressive architects and builders who fail to conform to the zoning codes and decisions of zoning boards. Further, Mr. Kulak contends it is unjust for property owners to be entitled to a CO in cases where the neighbors do not review the plans or perform calculations, and merely fail to appeal the permit within ten days. Conversely, Mr. and Mrs. Campbell suggest equitable principles and the interrelated doctrines of laches and laches by analogy prohibit Mr. Kulak's untimely action.
Laches is an equitable defense that precludes a lawsuit by a plaintiff who has negligently sat on his or her rights to the detriment of a defendant. Fitzgerald v. O'Connell, 120 R.I. 240, 386 A.2d 1384, 1387
(1978). A court applying the defense of laches must use a two-part test. First, there must be negligence on the part of the plaintiff that leads to a delay in the prosecution of the case. Id. Second, this delay must prejudice the defendant. Id. The doctrine, "laches by analogy," essentially invokes laches when an appeal to a zoning board has not been taken within a reasonable time after a building permit has been issued, and in good faith, the possessor of such a permit has begun significant construction and incurred substantial expenses at the time the appeal is finally taken. Elmcrest Realty Co. v. Zoning Bd. of Rev., 78 R.I. 432, 436,82 A.2d 846, 848 (1951). In Elmcrest Realty, the Rhode Island Supreme Court considered equitable principles in denying an appeal which was delayed by three months. Construction had been substantially completed by the date of appeal. The reviewing court stated that the reasonableness of such delay was to be determined by the peculiar facts of each case. Id.
at 847. Without any evidence of fraudulent conduct, such a substantial delay in the filing of an appeal is unreasonable. Id. at 848.
Similarly, there is no evidence of fraudulent conduct in the case at bar. The Board found "no understandable explanation" of where the 250 square foot lot coverage discrepancy originated. (Tr. of 6/17/03 at 32.) Mr. and Mrs. Campbell received approval for the dimensional variance, and in good faith constructed their home. (Tr. of 6/17/03 at 34-6.) The discrepancy in lot coverage calculation is attributed to the use of different calculation methods, rather than bad faith. (Tr. at 36.) Mr. Kulak had knowledge of the building permit, and let two years pass before he chose to appeal. Petitioner's negligence allowed the building plans, available for public inspection, to remain unexamined. While petitioner sat on his rights, construction had been completed. The delay prejudiced Mr. and Mrs. Campbell. This Court finds the Board's decision was not clearly erroneous in view of the evidence on record, or an arbitrary abuse of discretion as the appeal is barred by laches.
 Issuance of the Building Permit and Certificate of Occupancy
Mr. Kulak argues the CO was improperly issued in that the existing structure does not conform to the zoning board's approval granted in December 2000. Moreover, Mr. Kulak contends law and fundamental fairness dictate that the improperly issued building permit be revoked requiring Mr. and Mrs. Campbell to bring the structure into compliance. Conversely, Respondents argue the building inspector complied with applicable law and that the CO was properly issued in accordance with G.L. 1956 § 23-27.3-120.6.
The question of whether the CO was properly issued is addressed by statute. Issuance of certificates of use and occupancy are governed by Rhode Island General Laws § 23-27.3-120.6, which states in relevant part:
 The certificate shall certify compliance with the provisions of this code and the purpose for which the building or structure may be used in its several parts, and shall be issued by the building official within ten (10) days after final inspection; provided, that the provisions of the approved permits and of the applicable codes for which permits are required have been met . . . G.L. § 23-27.3-120.6
Thus, the Certificate of Occupancy shall issue if the building, as constructed, complies with the building permit and state building and fire codes. (Campbells' Memo at 6.) See § 23-27.3-120.6. Here, the record reflects that Mr. and Mrs. Campbell constructed their home in accordance with the building permit as issued and in compliance with state building and fire codes. (Tr. of 6/17/03 at 30-33.)
Mr. Kulak requests this Court, as an alternative to finding the CO was improperly issued, remand this case to the Zoning Board with instructions to revoke the CO and building permit. Mr. Kulak suggests both were issued on erroneous information, and the Board has the authority to revoke both permits. Respondents argue revocation of the building permit in this case is not appropriate because the approval was not based on false statements or misrepresentations of fact.
Further, Mr. Kulak claims the plans submitted for the building permit exceeded the approved plans; thus, Mr. and Mrs. Campbell have no right to rely on the permit because it was issued upon improper information. Mr. Kulak asserts Town of Johnston v. Pezza is controlling in this case. 723 A.2d 278 (R.I. 1999). In Pezza, the Rhode Island Supreme Court held that the Town of Johnston could revoke a building permit previously issued because the applicant failed to comply with certain procedural requirements. The Court stated that neither the buildingpermit applicant, nor the building inspector submitted a site plan to the board for its approval, which is a condition precedent to the issuance of the building permit. Thus, the inspector's act of issuing the permit was ultra vires, and the applicants were not entitled to rely upon the inspector's unlawful issuance. Mr. Kulak's reliance on Pezza is misplaced. Here, the Charlestown Building Inspector complied with the proper procedural requirements by obtaining a site plan from the applicants and reviewing this site plan before the issuance of a building permit.[1] The confusion in the instant case is attributed to a miscalculation by the building official, as opposed to a complete disregard for the zoning ordinance, as inPezza.
The Rhode Island Supreme Court has given guidance on when a building permit may be properly revoked. Equity favors a property owner who, in good faith, relies on a building permit and initiates substantial construction, from later revocation of that permit. See Shalvey v.Zoning Board of Review of Warwick, 99 R.I. 692, 699-700,210 A.2d 589, 592 (R.I. 1965) (holding subsequent amendment to zoning ordinance did not prohibit continued construction in accordance with permit, where there was evidence of good faith reliance and some reasonable substantial obligation); see also A. Ferland Sons,Inc. v. Zoning Board of Review of East Providence,105 R.I. 275, 251 A.2d 536 (R.I. 1969) (holding no equities had accrued that would immunize the special exemption granted against nullification by the subsequent ordinance amendment because the record was barren of any evidence of good faith or the incurrence of substantial obligations); Tantimonaco v. Zoning Boardof Review of Johnston, 100 R.I. 615, 218 A.2d 480 (R.I. 1966) (holding Shalvey governs where a subsequent rezoning conflicted with the Board's previously granted approval for a gas filling station, because plans and specifications were presented to the zoning board and applicants had entered into some contractual relationship with a potential lessee). Our high court applied the same legal principle to a case wherein the city and building official misinterpreted the zoning code and the property owner relied in good faith and incurred substantial obligations based thereon. The court concluded that equitable considerations mandate application of the rule. Jones v. Rommell, 521 A.2d 543,546 (R.I. 1987).
The granting of equitable relief in zoning is extraordinary and will not be granted except in the rare instance where the equities are clearly balanced in favor of the party seeking relief. Greenwich Bay YachtBasin Assoc. v. Brown, 537 A.2d 988, 991 (R.I. 1988). The elements of equitable estoppel are 1) good faith reliance; 2) on an act or omission of a municipality; 3) which induces a party to incur substantial obligations; 4) making it highly inequitable to enforce the zoning ordinance. 4 Rathkopf, The Law of Zoning and Planning,
45.104 at 45-44 (1991). Further, issuance of the CO ends the ten day appeal period. G.L. § 23-27.3-120.6. The Rhode Island General Laws provide in part:
 The building official may revoke any permit or approval issued under the provisions of this code in the event that the granting of the permit or approval was based upon statements which prove to be false or based on misrepresentations of fact. G.L. § 23-27.3-114.6
There is no evidence in the record that the approval by the Board was based upon false statements or misrepresentations of fact. Here, the Board found "the difference of 250 square feet of lot coverage not to be an issue for the CO and that it is a possible result of difference of methods of calculations . . ." (Tr. at 36.) There is no evidence Mr. and Mrs. Campbell lacked good faith. Mr. and Mrs. Campbell relied on the building permit in good faith, incurring substantial obligations based on that reliance. Moreover, Mr. and Mrs. Campbell have completed the construction of their home. Thus, equitable considerations exist to support the building permit's validity. The Board's finding that Mr. and Mrs. Campbell did not evidence bad faith because the error was made on the part of a miscalculation by the Building Official is supported by the evidence on record. (Tr. of 6/17/03 at 27-8 and 36.) This Court must give deference to the Board's findings. "The reviewing court is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 120 R.I. 501,388 A.2d 821 (1978). Therefore, this Court must and does affirm the Board's decision.
 Conclusion
After review of the entire record, this Court finds the decision of the Board denying Mr. Kulak's appeal of the CO is not clearly erroneous. The Board's findings are supported by the reliable, probative, and substantial evidence contained in the record, such that its decision is not arbitrary or capricious or an abuse of discretion. Substantial rights of Mr. Kulak have not been prejudiced. Accordingly, the decision of the Board is affirmed. Counsel shall submit the appropriate order for entry of judgment.
[1] In the case at bar, a mathematical computation concerning the size of the proposed dwelling was erroneous or not included. In Pezza, necessary plans were not submitted to the building inspector prior to issuance of the permit.