CCF, LLC                               :

            v.                         :

Wayne Pimental, in his capacity as the        :
Building Official for the Town of East
    Greenwich, Rhode Island et al.

NOTICE:    This opinion is subject to formal revision before
publication in the Rhode Island Reporter. Readers are requested to
notify the Opinion Analyst, Supreme Court of Rhode Island, 250
Benefit Street, Providence, Rhode Island 02903, at Telephone 222-
3258 of any typographical or other formal errors in order that
corrections may be made before the opinion is published.

CCF, LLC                                              :

v.                                              :

Wayne Pimental, in his capacity as the          :
Building Official for the Town of East
Greenwich, Rhode Island et al.

Present: Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**   This appeal emanates from a dispute between competing fast-food restaurants over whether one of the restaurants was entitled to build and operate a drive-through window pursuant to the East Greenwich Zoning Ordinances.   The plaintiff, CCF, LLC, operates a Wendy's restaurant at 2311 New London Turnpike in East Greenwich.   One defendant, McDonald's Corporation, had sought and received permission to build a new McDonald's restaurant with a drive-through window on property located at 2500 New London Turnpike in East Greenwich (subject property).   The other defendant, Wayne Pimental, was named in his capacity as the building official for the Town of East Greenwich. The plaintiff sought a mandatory injunction and a writ of mandamus from the Superior Court to prevent the construction of the drive-through facility unless and until McDonald's first submitted a special-use permit application for the drive-through window to the Town of East Greenwich's Zoning Board of Review (zoning board or board).   A Superior Court justice resolved the dispute on cross-motions for summary judgment, denying the plaintiff's motion and granting the defendants' motion.   A final judgment entered in favor of the defendants on all counts, from

which the plaintiff now appeals. For the reasons set forth below, we affirm the Superior Court's judgment.

## I

## Facts and Procedural History

In April 2011, FKL New London, LLC (FKL) filed an application with the East Greenwich Planning Board for approval of a development plan for the construction and operation of a McDonald's restaurant with a drive-through window (McDonald's project). The planning board held two public hearings in December 2011 regarding the McDonald's project. The plaintiff attended the second hearing, where its counsel voiced two main objections; one based on concerns about traffic congestion, the second based on plaintiff's contention that the applicant was required—but had failed—to apply for a special-use permit before it could build and operate a drive-through window. The planning board granted approval to the McDonald's project based in part on the fact that, in 2004, a previous owner of the subject property had received a special-use permit from the zoning board for the construction and operation of a restaurant with a drive-through window.[1] The planning board's approval is memorialized in two decisions: a "revised preliminary plan decision" filed with the town clerk on December 15, 2011, and a "final plan decision" filed on December 21, 2011. The plaintiff did not appeal from either decision.

On March 29, 2012, however, plaintiff sent an email to defendant Pimental requesting that, in his capacity as the zoning enforcement officer for East Greenwich, he review the

---

[1] In January 2004, the East Greenwich Zoning Board of Review had granted a special-use permit to D & D Barkan, LLC for the construction of a Dunkin' Donuts with a drive-through window at the subject property. In May 2010, FKL purchased the subject property at a foreclosure sale. The development plan that FKL subsequently submitted to the East Greenwich Planning Board was based on the D & D Barkan, LLC master plan for the Dunkin' Donuts.

planning board's decision to determine whether it had correctly "interpreted and complied with the provisions" of the zoning ordinances. The plaintiff asserted that the planning board had misinterpreted provisions of the applicable zoning ordinances and had erred by allowing McDonald's to rely on the special-use permit that had been granted in 2004 to the previous owner of the subject property. The plaintiff was advised, however, that Pimental would not be responding to its email request; and, on May 2, 2012, plaintiff filed a "notice of appeal" with the zoning board requesting a similar determination from the board. The zoning board's chairman responded in a letter dated June 14, 2012, stating that the board had neither the authority nor the protocol to consider plaintiff's appeal.

Approximately two months later, plaintiff filed a verified petition in the Superior Court against Pimental in his capacity as the building official for the Town of East Greenwich. The plaintiff sought (1) a mandatory injunction barring the building official from issuing a building permit to FKL (the owner of the subject property) for the McDonald's project and (2) a writ of mandamus compelling Pimental to deny FKL's application for a building permit in reliance upon the 2004 special-use permit. The day after plaintiff filed its petition in Superior Court, Pimental issued a building permit granting FKL permission to install a foundation for the future construction of the McDonald's restaurant; and, on August 16, 2012, he issued a second building permit granting FKL permission to construct the restaurant on the foundation.

The plaintiff sent another notice of appeal to the zoning board on August 21, 2012, appealing from the issuance of the August 16 building permit. In a letter dated August 23, 2012, the town solicitor responded, indicating that the town "does not acknowledge that [plaintiff] has the right to appeal the issuance of a building permit to the [zoning board]," nor did it agree "that the filing of the appeal stay[ed] all proceedings in furtherance of the actions which are the

- 3 -

subject of the [n]otice of [a]ppeal." The plaintiff amended its petition to the Superior Court, requesting that the Superior Court issue both a mandatory injunction and a writ of mandamus ordering the building official to prevent FKL from building—or continuing to build—a restaurant with a drive-through window in reliance on the building permits without first submitting a special-use permit application to the zoning board for the drive-through window. McDonald's filed a motion to intervene as a party defendant, which the Superior Court granted on October 11, 2012. CCF and McDonald's subsequently filed cross-motions for summary judgment.[2] After hearing oral argument on the cross-motions, the hearing justice issued a written decision denying plaintiff's motion for summary judgment and granting McDonald's cross-motion for summary judgment. Final judgment in favor of defendants entered in June 2013, and plaintiff timely appealed.

## II

## Standard of Review

This case presents us with a direct appeal from a judgment resolving cross-motions for summary judgment, which is not the typical posture when we are confronted with issues regarding the interpretation and application of zoning ordinances. The standard of review that we employ, therefore, is the standard applicable to an appeal from summary judgment and not the standard of review applicable to our review of a decision of a zoning board of appeals pursuant to a writ of certiorari. It is well established that "[t]his Court examines an appeal from cross-motions for summary judgment de novo." Medical Malpractice Joint Underwriting Association of Rhode Island v. Charlesgate Nursing Center, L.P., 115 A.3d 998, 1002 (R.I. 2015). "Typically, the denial of a plaintiff's summary-judgment motion is reviewable only

---

[2] The defendant Pimental "adopt[ed] and incorporate[d] by reference the objection and cross-motion for summary judgment" filed by McDonald's.

through a petition for certiorari, and is not appealable as a matter of right." Peloquin v. Haven Health Center of Greenville, LLC, 61 A.3d 419, 422 n.1 (R.I. 2013). "However, this Court regularly consider[s] appeals from the denial of a motion for summary judgment when coupled with an appeal or cross-appeal of the granting of a motion for summary judgment." Id. (quoting Avilla v. Newport Grand Jai Alai LLC, 935 A.2d 91, 94 n.4 (R.I. 2007)). "In those situations, the appeal is no longer interlocutory because the grant of summary judgment constituted a final and appealable judgment." Id. (quoting Avilla, 935 A.2d at 94 n.4).

"In reviewing the Superior Court's judgment on the parties' motions for summary judgment, we * * * apply the same standards as those used by the trial court." Charlesgate Nursing Center, L.P., 115 A.3d at 1002 (quoting Quest Diagnostics, LLC v. Pinnacle Consortium of Higher Education, 93 A.3d 949, 951 (R.I. 2014)). "Thus, [s]ummary judgment is appropriate when, viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the [C]ourt determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Id. (quoting Quest Diagnostics, LLC, 93 A.3d at 951).

## III

### Discussion

The plaintiff contends that the hearing justice made four errors of law when he denied its motion for summary judgment and granted defendants' cross-motion for summary judgment. First, plaintiff argues that the hearing justice erred in deciding that plaintiff should have appealed the August 16, 2012 building permit to the local Building Code Board of Appeals (BCBA) instead of to the zoning board because, plaintiff asserts, the board has jurisdiction over appeals from the issuance of building permits when zoning issues are involved. Second, plaintiff argues

that the hearing justice erred in applying a standing requirement applicable to appeals to the BCBA.  Third, plaintiff argues that the hearing justice erred by denying plaintiff's request for injunctive relief because its appeal to the zoning board should have automatically stayed all construction pending the resolution of plaintiff's appeal.  Finally, plaintiff argues that the hearing justice erred by deciding that the current East Greenwich Zoning Ordinance allows drive-through facilities in a commercial highway zone as a matter of right.  In opposition, defendants raise a plethora of procedural issues that we need not address because we conclude that plaintiff was not entitled to the relief it sought as a matter of law.

At the time of the hearings before the planning board in December 2011, apparently unbeknownst to plaintiff, defendants, and the town, the applicable zoning ordinance had been amended in 2007.  According to an affidavit from the director of planning for the Town of East Greenwich that was presented by defendants in support of their cross-motion for summary judgment, "the [t]own did not realize that the [o]rdinance permitted a drive-through as a matter of right," and the town's reliance on the 2004 special-use permit was "unnecessary because the intervening 2007 [z]oning [o]rdinance [a]mendment permitted the drive-through as a matter of right."  Table 1 in chapter 260, Attachment 1 of the East Greenwich Code in effect at the time of the hearings identifies a variety of possible uses of land by the zone in which the land is situated as either permitted, not permitted, permitted only by a special-use permit, or permitted only as an accessory use (table of permitted uses).  East Greenwich Zoning Ordinance 786.1, adopted on December 10, 2007, designates "drive-through uses" as permitted in a commercial highway zone.  It is well settled that, when we are presented with an issue regarding the interpretation of an ordinance, we apply the rules of statutory construction. Cohen v. Duncan, 970 A.2d 550, 562 (R.I. 2009); Pawtucket Transfer Operations, LLC v. City of Pawtucket, 944 A.2d 855, 859 (R.I.

2008); Mongony v. Bevilacqua, 432 A.2d 661, 663 (R.I. 1981). We therefore "give clear and unambiguous language in an ordinance its plain and ordinary meaning." Cohen, 970 A.2d at 562. "[W]hen the language of a statute or a zoning ordinance is clear and certain, there is nothing left for interpretation and the ordinance must be interpreted literally." Id. (quoting Mongony, 432 A.2d at 663).

The table of permitted uses (amended pursuant to Zoning Ordinance 786.1) clearly and unambiguously provides that a drive-through window in a commercial highway zone is a permitted use and does not require a special-use permit. As plaintiff emphasizes, however, this clear indication of the permitted use is indeed accompanied by a footnote, stating:

> "Two drive-through facilities shall be permitted in a [Commercial Highway] Zone for a shopping center having greater than 100,000 square feet of gross floor area. The drive-through use shall be limited to a financial institution (i.e., bank) only. The design of the drive-through use shall provide for safe vehicular and pedestrian circulation and function in a manner that complements the center in which it is located." Footnote 8(c) in Table 1 of chapter 260, Attachment 1 of the East Greenwich Code.

It is our opinion that this footnote may be literally interpreted to mean that a shopping center with more than 100,000 square feet of gross floor area located in a commercial highway zone is allowed to have two drive-through facilities, subject to the type of business and traffic design conditions. See Cohen, 970 A.2d at 562. We reject plaintiff's interpretation, therefore, that the drive-through use in a commercial highway zone is "only permitted to the extent of the limitations and restrictions set forth in the applicable footnote."

From the plaintiff's first objection to the McDonald's project raised before the planning board during the December 2011 public hearing until the issuance of the building permits, all parties had proceeded on an erroneous assumption regarding the permissibility of drive-through facilities in East Greenwich's commercial highway zone as a use that requires a special permit

- 7 -

instead of simply being permitted as a matter of right. At the time of the December 2011 public hearings, the amended ordinance had been in effect for four years. After considering the parties' cross-motions for summary judgment, the hearing justice concluded that the defendants were entitled to judgment as a matter of law because "the amended East Greenwich [Z]oning [O]rdinance permits drive-through uses as a matter of right." We agree because the operative table of permitted uses at the time FKL sought approval for the McDonald's project permitted it to build and operate a drive-through window at the subject property as a matter of right.

## IV

### Conclusion

Accordingly, we affirm the judgment of the Superior Court. The record shall be returned to the Superior Court.

Justice Flaherty did not participate.



**TITLE OF CASE:**     CCF, LLC v. Wayne Pimental, in his capacity as the Building Official for the Town of East Greenwich, Rhode Island et al.

**CASE NO:**     No. 2013-288-Appeal.
(KC 12-914)

**COURT:**     Supreme Court

**DATE OPINION FILED:**     January 12, 2016

**JUSTICES:**     Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**     Kent County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Stephen P. Nugent

**ATTORNEYS ON APPEAL:**

For Plaintiff :  William R. Landry, Esq.
Lynne Barry Dolan, Esq.

For Defendants:  Elizabeth McDonough Noonan, Esq.
Peter A. Clarkin, Esq.
Hamza M. Chaudary, Esq.
Robert I. Stolzman, Esq.