**CITY OF EAST PROVIDENCE**

v.

**RHODE ISLAND HOSPITAL TRUST NATIONAL BANK.**

**No. 83–470–Appeal.**

Supreme Court of Rhode Island.

March 7, 1986.

Robert R. Nocera, Pawtucket, for plaintiff.

Douglas A. Giron/Steven E. Snow (Tillinghast Collins & Graham) Providence, for defendant.

Before BEVILACQUA, C.J., and KELLEHER, WEISBERGER and MURRAY, JJ.

## OPINION

MURRAY, Justice.

This is an appeal by the defendant, Rhode Island Hospital Trust National Bank (Hospital Trust) from a Superior Court judgment, entered pursuant to G.L. 1956 (1980 Reenactment) § 45–24–7, granting mandatory injunctive relief in favor of the city of East Providence.[1] Specifically, the court ordered Hospital Trust, the owner of real property designated as lot No. 336 on tax assessor's plat No. 59 in the city of East Providence, to remove an eighteen-unit apartment complex from the premises. We reverse.

The pertinent facts have been stipulated to by the parties and are as follows.

In June 1977 AKJ Realty, Inc., which at the time was the owner of the subject property, applied to the East Providence Zoning Board of Review for a use variance and variances from certain height and setback requirements. Stanley H. White III and Marjorie F. White were listed as proposed purchasers of the property. The variances were sought in order to permit construction of the above-mentioned apartment building. Lot No. 336 is split-zoned. A portion of the parcel is classified as C-1 and the remainder is zoned R–4. Pursuant to the city's zoning ordinances, multiunit dwellings are permitted in areas zoned C-1 but are not permitted uses in R–4 classifications.

On July 28, 1977, the board of review conducted a hearing on the application and granted the variances sought. On July 29, 1977, Stanley H. White III began site preparation, excavation, and construction of the multiunit apartment building. On August 12, 1977, the city issued a building permit for the project to Mr. White. Construction was completed on or about April 1, 1978.

Meanwhile, on August 16, 1977, several remonstrants to the variance appealed the board of review's decision to the Superior

1. The original defendants in this case were Stanley H. White III and Marjorie F. White. The Whites were subsequently permitted to withdraw as parties and were replaced by Rhode Island Hospital Trust National Bank, successor in interest through a mortgage foreclosure.

Court.[2] The Whites were not parties to the action but were cognizant of its pendency.

In September 1977 the Whites purchased lot No. 336 from AKJ Realty. On September 7, 1977, the Whites, in exchange for a loan, executed and delivered a promissory note to Hospital Trust in the principal amount of $230,000. This note was secured by a mortgage on the subject property and improvements thereon. The mortgage was duly recorded in the Land Evidence Records of the City of East Providence. Hospital Trust had no notice of the pendency of the remonstrants' appeal to the Superior Court.

In February 1978, the Superior Court rendered its judgment in C.A. No. 77–2473. The court reversed the board of review's grant of the variances. The Whites subsequently filed a new application with the board of review, seeking appropriate use and dimensional variances for lot No. 336. The board of review ultimately denied the application. The Superior Court upheld the board's decision and we affirmed.[3]

In May 1978 the city instituted the instant action by filing a complaint against the Whites. It was not until shortly thereafter that Hospital Trust, as a result of a newspaper article, first became aware of the zoning problems and litigation concerning improvements on the property. Subsequently, the Superior Court granted Hospital Trust's motion to intervene in the instant action.

The Whites defaulted on their loan agreement with Hospital Trust. In June 1981 the bank purchased lot No. 336 at a public foreclosure sale and succeeded to all of the rights and interest of the Whites in the property. The Superior Court subsequently permitted Hospital Trust to be substituted for the Whites as defendant in the instant action.

By judgment entered on September 13, 1983, the Superior Court granted the city's request for mandatory injunctive relief. Finding that the use of the structure as a multifamily dwelling in an R–4 zone constituted a nuisance, the court ordered Hospital Trust to remove the apartment building from lot No. 336.

The trial justice refused to engage in a balancing of the equities as a prerequisite to granting injunctive relief. The court stated that when a defendant's act is tortious, in bad faith, or when the defendant has intentionally taken a chance, injunctive relief should be granted. The trial justice found that the Whites, Hospital Trust's predecessors in title, had engaged in such willful conduct. During the pendency of the remonstrants' appeal to the Superior Court from the board of review's grant of the variances, construction commenced and continued, with the Whites having full knowledge that their right to erect the apartment building had not been clearly established. The court concluded that, as a result of such conduct by its predecessors in title, Hospital Trust was not entitled to a balancing of the equities.

The judgment was stayed pending determination of the instant appeal.

Hospital Trust asserts that the trial justice committed error by refusing to balance the equities prior to granting injunctive relief. We agree.

As we have previously stated, prior to issuing an injunction, a trial court must engage in a "balancing [of] the equities, weighing the hardships to either side, and examining the practicality of imposing the desired relief." *R.I. Turnpike & Bridge Authority v. Cohen*, 433 A.2d 179, 182 (R.I.1981). Issuance of injunctive relief rests in the sound discretion of the trier of fact. *O'Connors v. Helfgott*, 481 A.2d 388, 394 (R.I.1984).

Section 45–24–7 does not abrogate this discretion. The statute merely pro-

**2.** *Bell v. East Providence Zoning Board of Review*, C.A. No. 77–2473.

**3.** *Rhode Island Hospital Trust National Bank v. East Providence Zoning Board of Review*, 444 A.2d 862 (R.I.1982).

**1146**

vides the Superior Court with the authority to order removal of any building existing in violation of any zoning ordinance.[4] It does not mandate issuance of such relief.[5] We do not believe that the Legislature intended § 45–24–7 to divest the courts of their authority to determine the appropriateness of, and to formulate, equitable relief. Issuance of injunctive relief remains within the discretion of the trial courts, which are guided in the exercise of this discretion by the basic principles of equity and justice.

In refusing to engage in a weighing of the equities as a prerequisite to granting injunctive relief, the trial justice relied on the rule enunciated by courts of other jurisdictions that, when a defendant has acted tortiously, or in bad faith, or has intentionally taken a chance, injunctive relief should be granted. *See, e.g., Swaggerty v. Petersen,* 280 Or. 739, 572 P.2d 1309 (1977); *Hunsicker v. Katz,* 310 Pa.Super. 213, 456 A.2d 576 (1983). Courts of certain other jurisdictions have held that such conduct does not preclude entitlement to a balancing of the equities. *See, e.g., Collins v. Rathbun,* 43 Or.App. 857, 604 P.2d 441 (1979). This court has never specifically addressed the question of whether a defendant's tortious or bad-faith conduct or intentional risk taking precludes a weighing of the equities. In view of the facts of this case, we find it unnecessary to make such a determination here.

The parties stipulated that at the time the Whites obtained financing for the project from Hospital Trust, the bank had no notice that an appeal from the board of review's grant of the variances was pending in the Superior Court. It was not until May 1978 that Hospital Trust first became aware of the zoning problems and litigation concerning the apartment building. In declaring that Hospital Trust was not entitled to a balancing of the equities, the trial justice relied on his finding that the bank's predecessors in title had engaged in intentional risk taking. However, in view of Hospital Trust's lack of notice, the court's refusal to conduct such a balancing was contrary to the principles of equity and justice and constituted an abuse of discretion.

For the reasons set forth above, the defendant's appeal is sustained and the judgment appealed from is reversed. The matter is remanded to the Superior Court for reconsideration consistent with this opinion. Specifically, in addressing whether injunctive relief should issue, the court is instructed to engage in a balancing of the equities in order to achieve a just result.

Shea, J., did not participate.

\* \* \* \* \* \*

4. General Laws 1956 (1980 Reenactment) § 45–24–7 provides in pertinent part as follows:
"Judicial aid in enforcement of ordinances.—The supreme court and the superior court, within their respective jurisdictions \* \* \* shall, upon due proceedings in the name of such town or city instituted by its town or city solicitor, have power to issue any extraordinary writs or to proceed according to the course of equity or both:
To restrain the erection, alteration or use of any building, structure or other thing erected, altered or used in violation of the provisions of any ordinance enacted under the authority of this chapter, and to order its removal or abatement as a nuisance;
To order the removal by the owner of any building, structure or other thing existing in violation of any ordinance enacted under the provisions of this chapter \* \* \*."

5. In construing a statute similar to § 45–24–7, the Maine Supreme Judicial Court held that issuance of injunctive relief remained in the sound discretion of the equity courts, "which traditionally in the field of nuisances formulated equitable relief by balancing the interests of the parties \* \* \*." *Town of Shapleigh v. Shikles,* 427 A.2d 460, 464 (Me.1981).