Aniello A. **RUGGIERI** et al.

v.

**CITY OF EAST PROVIDENCE** et al.

**WAMPANOAG ASSOCIATES**

v.

**CITY OF EAST PROVIDENCE** et al.

No. 90–312–Appeal.

Supreme Court of Rhode Island.

June 19, 1991.

Dennis S. Baluch, Baluch, Mahoney & Gianfrancesco, Providence, for plaintiffs.

William Conley, Jr., City Solicitor, East Providence, Keith B. Kyle, Marc DeSisto, Carroll, Kelly & Murphy, Providence, for defendants.

## OPINION

FAY, Chief Justice.

This consolidated case comes before the Supreme Court on appeal by the plaintiffs, Aniello A. Ruggieri et al. (hereinafter referred to as the taxpayers), and the defen-

dants, the city of East Providence et al. (hereinafter referred to as the city), from a Superior Court decision concerning the city's conveyance of a piece of property to Wampanoag Associates (Wampanoag). For the reasons set forth herein, we affirm the decision of the trial justice and remand the case to the Superior Court for an evidentiary hearing to determine the value as well as the specific nature and terms of the easement appurtenant granted to Wampanoag.

The facts pertinent to this appeal are as follows. In 1952 pursuant to the last will and testament of William Ide, the city of East Providence received a 25,000-square-foot piece of property. The deed contained a restriction, however, that limited the city's use of the property to either a public highway or a town water system. On or about March 19, 1979, the city conveyed the property by quitclaim deed to Wampanoag.[1] The deed stated that the property was conveyed pursuant to a vote of the city council taken at a meeting on March 12, 1979. It was subsequently revealed, however, that no such vote or meeting ever took place.

Wampanoag recorded its quitclaim deed from the city on October 2, 1979, and thereafter used the subject property along with two abutting parcels to construct a section 8, federally subsidized, low-income housing project.

On July 18, 1983, Wampanoag filed an action in Superior Court for declaratory judgment against the city, requesting that the court determine the validity of the conveyance. On August 24, 1983, the taxpayers filed a separate complaint against the city and Wampanoag, also challenging the validity of the conveyance. On March 1, 1984, the cases were consolidated for trial.

The trial justice filed an opinion on May 2, 1989, finding that the conveyance was void ab initio pursuant to G.L.1956 (1988 Reenactment) §§ 45–2–5 and 45–2–6 and that the city must grant an easement appurtenant for the subject property to Wampanoag, their successors and assigns. In

1. The deed was executed on or about March 19, 1979, by the mayor of East Providence and the city finance director and notarized by the city solicitor.

consideration for the easement appurtenant Wampanoag was ordered to pay $5,000 without interest to the city. The taxpayers were awarded all costs, including reasonable attorneys' fees.

Judgment was entered on June 27, 1989. The taxpayers and the city filed notices of appeal on May 19, 1989, and November 10, 1989, respectively.

■ Before we turn our attention to the merits of the case before us, we feel it necessary to note that the city's appeal was not filed in a timely manner pursuant to Rule 4 of the Supreme Court Rules. Rule 4 states that a notice of appeal must be filed within twenty days of the entry of judgment or within twenty days of the date on which the first notice of appeal was filed. The city's appeal was filed approximately four months following the entry of judgment and for that reason should be dismissed. In view of the fact, however, that the taxpayers and the city are essentially raising the same issue on appeal and the taxpayers' appeal was timely filed,[2] we shall proceed to an examination of the issue presented.

Both petitioners aver that the trial justice erred by granting an easement appurtenant to Wampanoag after finding the original conveyance void ab initio. We disagree.

■ This court has repeatedly held that it will not disturb the findings of a trial justice sitting in equity unless he or she is clearly wrong or has misconceived or overlooked material evidence of a controlling issue. *Cahill v. Antonelli*, 120 R.I. 879, 884, 390 A.2d 936, 939 (1978); *Chace v. Anarumo*, 104 R.I. 48, 52, 241 A.2d 628, 630 (1968).

■ It is indisputable, in the case at bar, that the city's conveyance of the subject property to Wampanoag was in violation of §§ 45–2–5 and 45–2–6. Sections 45–2–5 and 45–2–6 provide:

"Power to use, lease, or dispose of property no longer needed.—In addition to the powers heretofore granted by charter or the public laws of the state with respect to the purchase and sale of land, the city council of any city and the town council of any town, if it shall see fit so to do, is hereby authorized, from time to time, to sell, lease, convey, or use for any other public or municipal purpose or purposes, or for any purpose whatsoever, any lands or properties owned by the city or town, which have been purchased, acquired, used, or dedicated in any manner for municipal or other public purposes, whenever, in the opinion of the city council or town council, the lands or properties have become unsuitable or have ceased to be used for those purposes.

"Lands given for specific use not subject to disposal.—Nothing in § 45–2–5 shall be construed to authorize the sale, lease, or conveyance of lands or improvements acquired by gift or devise for the public use, whether or not the gift or devise is subject to a condition subsequent or reverter; and no property held by any city or town as part of a charitable trust shall be considered to come within the provisions of § 45–2–5."

■ The only question left for us to address, therefore, is whether the trial justice failed to balance the equities properly in reaching his final decision. This court has previously established that it is within the trial justice's discretion to determine the appropriateness of, and to formulate, equitable relief. *East Providence v. Rhode Island Hospital Trust National Bank*, 505 A.2d 1143, 1145 (R.I.1986). That discretion, we have stated, should be guided by "basic principles of equity and justice." *Id.* at 1146.

A review of the trial justice's decision in the instant case reveals that he recognized and considered both the obvious hardship that would result to Wampanoag if the petitioners were granted the relief they

---

**2.** We recognize that the taxpayers' appeal was prematurely filed in contravention of Rule 58(a) of the Superior Court Rules of Civil Procedure and Rule 4(a) of the Supreme Court Rules.

This court has previously stated, however, that this minor procedural defect shall not be regarded as fatal. *Russell v. Kalian*, 414 A.2d 462, 464 (R.I.1980).

sought and the substantial public benefit the city receives from the existence of the housing project. We find, therefore, that the trial justice properly exercised his discretion in ordering the city to grant to Wampanoag an easement appurtenant.[3] We find, however, that the record lacks any evidence to support the determination of either the value of the easement appurtenant or its nature and scope.

Accordingly the petitioners' appeal is denied and dismissed. The case is remanded to the Superior Court for an evidentiary hearing to determine both the value and the specific nature and scope of the easement appurtenant granted to Wampanoag.

---

**3.** This decision should not be interpreted as a preclusion to any person who may have a reversionary interest pursuant to the estate of William Ide from pursuing his or her rights with respect to the subject parcel.