DECISION
Before this Court is an appeal from a decision of the Zoning Board of Review of the City of Providence (Board). In its decision, the Board denied a request for a dimensional variance by 77 Tabor Ave., LLC (Appellant). Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 I Facts and Travel
The following material facts are undisputed. The Appellant owns Lot 296 on Tax Assessor's Plat 39, located at 77-79 Taber Avenue in Providence. Lot 296, which is located in an R-1 zone requiring a minimum lot area of 6000 square feet, contains a two-family dwelling, and a detached garage. On June 25, 2007, the Appellant's contractor, Multi-State Restoration, Inc. (Multi-State), applied to the Department of Inspection and Standards of the City of Providence (City) for a building permit to construct a 17' by 21' mahogany deck on top of the detached garage with stairs connecting the first floor apartment of the dwelling to the deck. The next day, the Appellant received a building *Page 2 
permit to construct the deck and stairs. Within one week, the Appellant began construction. Soon thereafter, the City went to the site and approved the work authorizing Multi-State to continue building the deck according to the plans submitted with the application.
After the deck was completed, an abutting neighbor requested that the Appellant construct a privacy wall with lattice which the Appellant did. After constructing the privacy wall, the City informed the Appellant that certain neighbors had complained about the deck and that the building permit never should have been issued because the deck violated the City's zoning ordinance. At this time, the City did not order the Appellant to remove the deck. The City suggested that the Appellant apply to the Board for a dimensional variance which the Appellant did on August 16, 2007.
On October 23, 2007, the Board heard testimony from William D'Amico, a member of the Appellant; Mr. McHugh, the Appellant's qualified expert; several objectors; and Peter Scotti, the objectors' qualified expert. William D'Amico testified that he went through the process of obtaining a building permit before building the deck. (Zoning Hr'g Tr. 29:10-12, Oct. 23, 2007.) Mr. McHugh presented photographs showing that there were other houses in the area that had second story porches close to the property lines. (Id. at 19:16-20:9.) Furthermore, Mr. McHugh testified that the Appellant met the preconditions for granting a dimensional variance. (Id. at 25:18-29:7.) Ms. Byrd, whose second story window is roughly ten feet from the deck, testified that there are issues of visual privacy and noise, and that she would not have purchased the house had the deck been there. (Id. at 42:9-44:15.) Ms. Byrd and Mr. Macher, also an abutting neighbor, both testified that they went to the City to prevent the deck from being *Page 3 
built, and the City said that nothing could be done because the Appellant had obtained the proper permits. (Id. at 42:11-13, 45:5-10.) Mr. Scotti testified that there is already nonconforming lot coverage, and that adding the additional connector and stairway intensifies the nonconformity. (Id. at 53:14-21.) Also, Mr. Scotti testified that while there may be other houses with upper level porches, none has a deck on top of a garage. Finally, Mr. Scotti testified that the deck will cause the surrounding property values to decrease, and intrude on privacy. (Id. at 52-55.)
The Board voted 4-1 to deny the variance. On January 7, 2008, the Board issued a written decision finding that the Appellant had failed to meet its burden in establishing the variance standards for granting a dimensional variance. See § 45-24-41(c) (d); Providence Code of Ordinances ch. 27, art. IX, § 902.3.
On January 25, 2008, the Appellant filed in this Court a two-count Complaint naming as defendants the City and the Board (Appellees). In Count I, the Appellant timely appealed the Board's decision, and in Count II, it sought a declaratory judgment to, inter alia, estop the City from revoking the building permit and reverse the decision of the Board. Soon thereafter, the Appellant received a letter dated January 25, 2008 from the City notifying it that the deck violated the Providence zoning ordinance and must be removed. In a letter dated February 1, 2008, the City advised the Appellant to disregard the previous letter pending the outcome of the litigation.
The City then filed a motion to dismiss Count II in response to which the Appellant filed an objection and a counter motion for summary judgment as to Count II. Another Justice of the Superior Court heard oral arguments on the motions. In a bench *Page 4 
decision, that Justice granted the City's motion to dismiss Count II; and denied the Appellant's motion for summary judgment.
On July 17, 2008, the Appellant filed its brief in support of its appeal of the Board's decision. The City and the Board then moved to dismiss Count I. Upon this Court's order, this Court heard oral argument regarding the doctrine of "law of the case," and the specifics of how the deck violated the City's zoning ordinance.
 II Standard of Review
The Superior Court's review of a zoning board decision is governed by § 45-24-69(d), which provides that:
 The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. *Page 5 
When reviewing a decision of a zoning board, a justice of the Superior Court may "not substitute [his or her] judgment for that of the zoning board if [he or she] conscientiously find[s] that the board's decision was supported by substantial evidence." Apostolou v. Genovesi,120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence . . . means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance." Lischio v. Zoning Bd. of Review of N.Kingstown, 818 A.2d 685, 690 n. 5 (R.I. 2003) (quoting Caswell v. GeorgeSherman Sand Gravel Co., 424 A.2d 646, 647 (R.I. 1981)).
 III Discussion
The Appellant argues that the Board erred in denying the variance because the Board failed "to take the City's egregious conduct into consideration." Specifically, the Appellant argues that the City acted egregiously in (1) approving the deck permit application; (2) ignoring the neighbor's complaints that the deck posed zoning violations; (3) approving the plaintiff's deck framing construction after an onsite inspection; and (4) authorizing the plaintiff to complete the deck construction in accordance with the submitted plans. The Appellant relies on an exception to the public duty doctrine for egregious conduct. Furthermore, the Appellant argues that principles of equitable estoppel should bar the City from revoking the building permit.
The Appellees argue that the Appellant has done nothing more than repeat the same equitable estoppel arguments that the prior Justice expressly rejected when dismissing Count II for declaratory judgment. Therefore, the Appellees contend that the *Page 6 
doctrine of "law of the case" discourages reconsideration of such equitable arguments. Finally, the Appellees argue that the Appellant has failed to satisfy the preconditions for granting a dimensional variance.
 A Egregious Conduct Exception to Public Duty Doctrine and Equitable Considerations
The Appellant contends that the Board's decision was clearly erroneous because the Board did not consider the City's alleged egregious conduct. The Appellant cites Catri v. Hopkins, 609 A.2d 966, 968 (R.I. 1992) for the proposition that when a governmental entity's conduct rises to a level of egregiousness, a plaintiff may pierce the "protective shell" afforded to that entity. The Appellant's reliance on Catri is misplaced. This "exception to the public duty doctrine" argument is inapplicable to the present zoning appeal because the Appellant is not bringing a tort action against the City, but is appealing the Zoning Board's denial of a dimensional variance. See id. (explaining that the purpose of the exception is "to afford individuals the necessary recourse for tortuous injury sustained as a result of egregious governmental conduct").
The Appellant further relies on Lombardi v. The Zoning Board of Reviewof the Town of North Providence, No. 80-4237, 1983 WL 486851
(R.I.Super.Ct. July, 21, 1983) and City of East Providence v. Rhode IslandHospital Trust National Bank, 505 A.2d 1143 (R.I. 1986) for the proposition that a zoning board of review must consider principles of fairness and equity in rendering its decision. However, the Appellant's reliance on these cases is also misplaced. Lombardi, which is a Superior Court decision, is not persuasive authority and merely states that "principles of fairness and equity may [rather than must] properly be considerations of the Board." 1983 WL 486851, at *3 *Page 7 
(emphasis added). Rhode Island Hospital, though binding authority as a Rhode Island Supreme Court decision, is inapposite because it states that a trial justice must engage in a balancing of the equities prior to issuing an injunction. 505 A.2d at 1146 (emphasis added). The instant matter does not involve a trial justice issuing an injunction, but rather a zoning board denying a dimensional variance. The Appellant has not cited any Rhode Island case law that states that a zoning boardmust consider equitable principles in granting or denying a request for a dimensional variance. Accordingly, the Board's failure to consider principles of fairness and equity in rendering its decision was not in violation of statutory or ordinance provisions.
 B Revoking Building Permit
The Appellant further argues that principles of fairness and equity estop the City from revoking the Appellant's building permit. The Appellees argue the law of the case doctrine stating that the Appellant's arguments in support of this zoning appeal are "nothing more than a restatement of the very same equitable arguments made, and expressly rejected by this Court in connection with Count II of its complaint seeking a declaratory judgment."
It is well-settled that Rhode Island has adopted the "law of the case" doctrine. The doctrine states that "ordinarily, after a judge has decided an interlocutory matter in a pending suit, a second judge, confronted at a later stage of the suit with the same question in the identical manner, should refrain from disturbing the first ruling."Salvadore v. Major Elec. Supply, Inc., 469 A.2d 353, 355-56 (R.I. 1983) (citations omitted). Furthermore, "[t]he [law of the case] doctrine does not have the finality of the doctrine of res judicata. It is more in the nature of a rule of policy and convenience."Id. at 356 *Page 8 
(citation omitted). The doctrine should be followed because "it is designed to promote the stability of decisions of judges of the same court and to avoid unseemly contests and differences that otherwise might arise among them to the detriment of public confidence in the judicial function." Id. (citation omitted).
Here, the doctrine of "law of the case" does not apply because the prior ruling granting summary judgment on Count II was not an interlocutory matter, but rather a final judgment. However, even so, this Court agrees that here the City cannot be equitably estopped from revoking an illegally issued building permit.
In Almeida v. Zoning Board of Review of the Town of Tiverton, the Supreme Court held that "with respect to permits illegally issued, an appropriate municipal officer will not be estopped from nullifying such permit even though the permittee has acted pursuant to the permit.606 A.2d 1318, 1321 (R.I. 1992) (citing Shalvey v. Zoning Bd. of Review ofWarwick, 99 R.I. 692, 700, 210 A.2d 589, 594 (1965)). If the building permit becomes illegal after its issuance due to a subsequent change in the zoning ordinance, and the permittee has commenced construction to some substantial degree, however, then the municipality can be equitably estopped from revoking such permit. See, e.g., Shalvey v. Zoning Bd. ofReview of Warwick, 99 R.I. 692, 210 A.2d 589 (1965); A. Ferland Sons,Inc. v. Zoning Bd. of E. Providence, 105 R.I. 275, 251 A.2d 536 (1969);Delbonis Sand Gravel Co. v. Town of Richmond, 909 A.2d 922 (R.I. 2006).
Furthermore, it is important to note the language on the face of the building permit which grants permission to build the deck "provided that the person accepting this Permit shall in every respect conform . . . to the provisions of the Statutes and Ordinances relating to Zoning . . . in the municipality." (Defs.' Mem. Ex. B.) From this language, it *Page 9 
is clear that a building permit does not ensure that a proposed project complies with the zoning ordinance, but rather, it states that it is only valid if the permittee complies with the zoning ordinance.
Here, the building permit was illegally issued because the deck intensified the lot coverage, and violated the four-foot rear yard setback. Therefore, the City may revoke the building permit even though the Appellant relied in good faith on the permit. See Almeida,606 A.2d at 1321 ("with respect to permits illegally issued, an appropriate municipal officer will not be estopped from nullifying such permit even though the permittee has acted pursuant to the permit."); see also Tech.Investors v. Town of Westerly, 689 A.2d 1060, 1062 (R.I. 1997) ("[e]stoppel cannot be applicable when the municipality's acts were clearly ultra vires."). Accordingly, this Court finds that the Board's decision was not affected by the City's revocation of the building permit, and was not clearly erroneous or arbitrary.
 C Dimensional Variance
The Appellant does not argue on appeal that it satisfied each of the preconditions for granting a dimensional variance. The Appellee argues that the Appellant has failed as a matter of law to meet the preconditions for granting a dimensional variance.
"A dimensional variance or area variance . . . provides relief from one or more of the dimensional restrictions that govern a permitted use of a lot of land, such as area, height, or setback restrictions."Sciacca v. Caruso, 769 A.2d 578, 582 n. 5 (R.I. 2001); see also
§ 45-24-31(61)(ii) (defining dimensional variance by statute). In determining whether to grant a dimensional variance, the Board must adhere to § 902.3 of the Providence Code of Ordinances ch. 27, art. IX, which states: *Page 10 
 (A) In granting a variance, the board shall require that evidence to the satisfaction of the following standards be entered into the record of the proceedings:
 1. That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant;
 2. That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 3. That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of this ordinance of [sic] the Comprehensive Plan; and
 4. That the relief to be granted is the least relief necessary.
 (B) The board shall, in addition to the above standards, require that evidence be entered into the record of the proceedings showing that:
 . . .
 2. In granting a dimensional variance, that the hardship that will be suffered by the owner of the subject of [sic] property if the dimensional variance is not granted shall amount to more than a mere inconvenience, which shall mean that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief. (Emphasis added).
Section 45-24-41(c) of the Rhode Island General Laws is nearly identical to the Providence ordinance except that it does not define "more than a mere inconvenience."
In its Decision, the Board made seven findings of fact:
 1. The Board voiced its concern that the Applicant had gone forward with building the deck and stairway prior to zoning review to determine whether a dimensional variance was appropriate.
 2. The Board found that there was a front porch, a patio, and landscaped area on the property which provides the Applicant with outdoor use of the property such that any hardship suffered by the Applicant is no more than a mere inconvenience. There was no convincing testimony to *Page 11 
 suggest that the denial of the deck and stairs would amount to more than a mere inconvenience.
 3. The Board considered the testimony and photographs of numerous property owners asserting that the deck and stairs were unsightly and that the privacy of an adjacent property owner was impaired.
 4. The Applicant did not establish that the requested relief was based upon anything more than the desire to realize greater financial gain. The assertion that a structure may be more valuable after the relief is granted is a fact that shall not be ground [sic] for relief.
 5. The Applicant did not show that there was any hardship related to a unique characteristic of the land or structure or due to any physical or economic disability of the Applicant.
 6. The Applicant did not establish that the granting of the requested relief would not alter the general character of the surrounding area or impair the intent or purpose of the Zoning Ordinance or the Comprehensive Plan and the Board further finds that the garage deck and stairs impermissibly alter the general character of the surrounding area and impair the intent and purpose of the Zoning Ordinance.
 7. Mr. Scotti testified that he reviewed the Providence Zoning Ordinance and the Comprehensive Plan and that he is extremely familiar with the subject property. He further stated that the request intensifies the lot coverage restriction and the rear yard setback and would result in a negative impact upon the neighboring property values. The Board agrees with the testimony submitted by Mr. Scotti and further finds that the proposal is certainly not in character with the surrounding properties.
The Board's decision was supported by substantial evidence in the record. See Apostolou, 120 R.I. at 507, 388 A.2d at 825. With respect to the first precondition, the Board's decision states that "[t]he Applicant did not show that there was any hardship related to a unique characteristic of the land or structure." (Bd.'s Dec. ¶ 5.) The fact that the record is devoid of any evidence showing that Appellant suffered a hardship related to a unique characteristic of the land supports the Board's conclusion that the Appellant did not present any evidence as to this precondition. *Page 12 
The second precondition is "[t]hat the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain." In the instant matter, the Board's decision states that "the Applicant had gone forward with building the deck and stairway prior to zoning review to determine whether a dimensional variance was appropriate." (Id. ¶ 1.) Mr. McHugh, the Appellant's expert, testified that because the Appellant built the deck pursuant to a building permit, then it is not a self-created hardship. A hardship is self-created "where one acts in violation of an ordinance and then applies for a variance to relieve the illegality." Sciacca v. Caruso, 769 A.2d 578, 584 (R.I. 2001) (quoting 7 Patrick J. Rohan, Zoning and Land Use Controls, § 43.02[6] at 43-66 (1998)). The record reflects that the Appellant's hardship was self-created because it built the deck before obtaining zoning approval, and then sought a dimensional variance to "relieve the illegality."See id. With respect to the "greater financial gain" precondition, the Board's decision states, "[t]he Applicant did not establish that the requested relief was based upon anything more than a desire to realize greater financial gain." (Id. ¶ 4.) The record is devoid of evidence showing that the Appellant has satisfied this precondition.
Third, the Appellant had to satisfy the precondition which states, "the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based." The Board's decision states, "[t]he Applicant did not establish that the granting of the requested relief would not alter the general character of the surrounding area or impair the intent or purpose of the Zoning Ordinance or the Comprehensive Plan and the Board further finds that the garage deck and stairs *Page 13 
impermissibly alter the general character of the surrounding area and impair the intent and purpose of the Zoning Ordinance." In the record, the Chairman states, "I go back to alter the general character of the neighborhood, I go back to the least relief necessary. I think there is other relief. You don't need the deck there. It does alter the general character. I mean, you drive down the street and it's just wow, it pops." (Zoning Hr'g Tr. 75:6-11.) There was also evidence in the record that no other houses in the neighborhood had decks on top of garages. Therefore, this Court finds that there is substantial evidence in the record to support the Board's conclusion that the deck will alter the general characteristics of the neighborhood.
Fourth, the Appellant must show that "the relief to be granted is the least relief necessary." While the Board's decision does not address this precondition, it is clear from the record that the Appellant failed to satisfy this precondition. When asked whether the relief was the least relief necessary, Mr. McHugh stated, "the building is already there, the garage was already there, the deck is a minor addition to the garage. There is no addition setback problems [sic], the footprint is the same, I feel this is the least relief necessary." (Zoning Hr'g Tr. 27:14-18.) Mr. McHugh's testimony is not sufficient to establish that the relief is the least relief necessary.
Finally, the Appellant must show that a denial of the variance amounts to more than a mere inconvenience. In its decision, the Board found that "there was a front porch, a patio, and landscaped area on the property which provides the Applicant with outdoor use of the property such that any hardship suffered by the Applicant is no more than a mere inconvenience." (Bd.'s Dec. ¶ 2.) Further, the Board stated that there was no "convincing testimony to suggest that the denial of the deck and stairs would amount to *Page 14 
more than a mere inconvenience." (Id.) This Court finds that there was substantial evidence, namely that there were other outdoor uses of the property, to support the Board's conclusion that the Appellant failed to meet this precondition.
 IV Conclusion
After review of the entire record, this Court finds that the decision of the Board was not in violation of statutory or ordinance provisions, was not clearly erroneous or arbitrary, and was supported by the reliable, probative, and substantial evidence of the record. Substantial rights of the Appellant have not been prejudiced. Accordingly, this Court affirms the decision of the Board.